CAROLINE F. BASS, Admx., &c., v. WILLIAM S. HEARD et al.

EXECUTOR AND ADMINISTRATOR: INSOLVENT ESTATE: EFFECT OF DECLARATION OF INSOLVENCY UPON AN EXECUTION THEN ACTUALLY LEVIED.—A declaration of insolvency, under the statute, Hutch. Dig. p. 667, § 103, secures an equal distribution of the assets of the decedent among all his creditors, whether their claims be reduced to judgment or not; but it will not deprive a creditor who has actually levied his execution against the administrator, upon personal property of the decedent, before the declaration of insolvency, of his right to appropriate the property seized under the execution, but not sold, to the satisfaction of his debt, to the exclusion of the other creditors.

IN error from the Chancery Court of Madison county. Hon. E. G. Henry, chancellor.

W. F. Bass died in Madison county, and the appellant, Caroline F. Bass, was appointed his administratrix, in November, A.D. 1855. In April, 1856, each of the three appellees recovered a judgment against the administratrix, upon which executions were issued, and were levied by the sheriff, on a slave belonging to the decedent, on the 21st of June, 1856.

On the 17th of July, 1856, the administratrix procured an order of the Probate Court, declaring the estate insolvent; and, on the 21st of the same month, filed this bill; and in the first instance procured an injunction against the sale of the slave. Afterwards, the judgment creditors moved to dissolve the injunction; and the motion being sustained by the chancellor, the administratrix sued out this writ of error.

*Shackleford* and *Fearn*, for plaintiffs in error,

Cited, Hutch. Dig. p. 667, § 103; Ib. p. 673, Art. 2, § 1; *Williams* v. *Benedict,* 8 How. (U. S.) R. 107 ; *Parker* v. *Whiting,* 6 How. (Miss.) R. 352 ; *Nesbit's Admrs.* v. *Withers,* S. & M. Ch. R. 599; 7 How. (Miss.) R. 224.

*Davis & Hill* and *T. C. Tupper,* for defendants in error,

Cited, Hutch. Dig. p. 673, Art. 2, and comments on the cases cited on the other side.

HANDY, J., delivered the opinion of the court.

This was a bill in equity, filed by the plaintiff in error, to enjoin certain executions, upon judgments rendered against her as administratrix of her intestate, in behalf of the defendants.

It shows that after the executions were issued, and had been levied upon personal property of the estate, the estate was duly declared insolvent, and the relief sought is, to restrain the sale of the property under the executions, and to bring it into a ratable distribution among all the creditors of the estate, including the plaintiffs, whose executions were enjoined. The defendants moved to dissolve the injunction, which was done accordingly ; and the complainant thereupon brings the case here.

The only question for decision is, whether the executions, being levied by seizure of the property in execution before the declaration of insolvency, could be stayed, and the plaintiffs debarred of the right to sell the property in satisfaction of their executions.

It is contended, in behalf of the plaintiff in error, that notwithstanding the levy before the declaration of insolvency, the property was to be distributed among all the creditors ratably, under the provision of the first clause of the 103d section of the Statute of 1821 (Hutch. Dig. 667), and under the spirit of the further provision of the same section, that no " action or suit should be commenced or sustained against an administrator after the estate be represented insolvent." But we do not consider this view warranted by the statute.

The scope of the first provision is, that upon the declaration of insolvency, all the assets shall be applied ratably to the payment of all the unsatisfied debts ; and the extent of the other provision is, that no suit against the administrator shall be instituted after the

declaration, nor, if instituted before the declaration, shall it be *prosecuted further* after the declaration. That this was the intention of the legislature in using the word "sustained," is manifest, from the subsequent Act of 1822, correcting the prejudicial effect of the previous Act, which was to abate suits commenced before the declaration, and providing that no suit so instituted should be abated by the subsequent declaration of insolvency, but should proceed to judgment, and that no execution should issue thereon, but that it should be filed as a claim against the estate, with the commissioners of insolvency.

The policy of the statute is, that there shall be an equal distribution of the assets to the payment of all the debts of the deceased, whether sued upon or not, at the time of the declaration of insolvency ; and it has been held by this court to include judgments against the administrator, unexecuted when the declaration is made. *Parker* v. *Whiting*, 6 How. 358. But it cannot with any reason, be held to extend to cases like the present.

When an execution is levied by the seizure of personal property under it by the sheriff, it is an appropriation of the property to it, and is in law a satisfaction of it. The seizure is the essential act, because it deprives the defendant of his property; and if it be his property and subject to the execution at the time, he is thenceforth discharged of the debt, unless it appear by a sale that the property is insufficient to pay the debt. But the sale is a mere incident, and is like the disposition of the proceeds of the sale. Therefore, by the seizure, the judgment is in law satisfied. *Beatty* v. *Chapline*, 2 Harr. & John. 15 ; 7 Bac. Abr. Title Supersedeas (G.) ; 1 W. Blacks. 57. In view of these well-established principles, it is manifest that the language of the statutes referred to, cannot embrace a case where a plaintiff has actually seized the property of the estate in execution before the declaration of insolvency, much less do their spirit and policy extend to such a case. And in order to justify a conclusion so much in opposition to settled legal principles as the construction contended for, the language of the statutes should be so plain as to render it unavoidable.

The case of *Parker* v. *Whiting*, above cited, is relied on by counsel as sustaining the position taken by this bill.

It would appear by the reporter's statement of the facts of that

case, that the execution was levied before the declaration of insolvency. But that must be an error; for neither in the argument of counsel, nor in the opinion of the court, does that appear to be the state of the case ; and it is not to be supposed that so material and controlling a fact would have escaped the attention of both counsel and court, if it had appeared by the record. But the rule as stated by the court, taken in connection with the judgment given in the case, shows that the execution could not have been levied before the declaration of insolvency. The court say : " If then an estate is reported insolvent after judgment and *before execution executed,* it is competent for the court from which the execution emanated to stay the execution, &c. The *judgment* lien is then held in abeyance or must give way to the general and equal lien of all the creditors," &c. And yet the judgment of the court is, that the execution should be stayed : which would be in direct conflict with the rule as declared by the court, if the execution was executed when the estate was declared insolvent. It is clear, therefore, that this authority declares the rule against the principle upon which this bill is founded.

Let the decree be affirmed.

