WILLIAM B. TROTTER *v.* THOMAS S. PARKER et al.

1. PROCESS: AMENDMENT: RETURN ON, MAY BE AMENDED AT RETURN TERM.— The Circuit Court may allow the sheriff to amend his return on a *fi. fa.* at the return term thereof, notwithstanding a motion may then be pending against him in relation to said return.

2. EXECUTOR AND ADMINISTRATOR: EFFECT OF DECLARATION OF INSOLVENCY ON EXECUTION THEN LEVIED.—A declaration of insolvency of a decedent's estate, will not deprive a creditor of his right to appropriate to the satisfaction of his execution against the administrator or executor, personal property of the decedent, seized under the execution before the estate was declared insolvent. See *Bass* v. *Heard,* 33 Miss. R. 131.

3. SHERIFF: PLEADING: HOW SHERIFF SHALL PLEAD IN JUSTIFICATION OF REFUSAL TO PAY OVER MONEY COLLECTED ON FI. FA.—Where a sheriff seeks to justify his refusal to pay to the plaintiff money collected under execution, upon the ground that there is a controversy respecting the title to the money which he asks the court to determine, he must set forth in his plea the facts upon which he claims justification, so that the court may determine their sufficiency, and may also determine whether the plaintiff is entitled to the money.

4. HIGH COURT: PRACTICE: WHEN CAUSE REMANDED.—Where this court reverses the judgment of the Circuit Court overruling the plaintiff's demurrer to a plea, judgment final will not be entered here against the defendant: but the cause will be remanded so as to allow the defendant to amend.

ERROR to the Circuit Court of Clarke county. Hon. William M. Hancock, judge.

The plaintiff in error entered a motion in the court below against the sheriff of Clarke county and his surety, on his official bond, for the failure of the sheriff to pay to the plaintiff money collected under an execution in his favor and against Melancthon Smith, administrator of John S. Smith. This motion was made at the return term of the execution, and was based upon the following return made thereon by the sheriff:

" Levied this *fi. fa.* on two hundred and seven dollars and seventy-nine cents, money in my hands belonging to the estate of John S. Smith, deceased, and to payment of this *fi. fa.,* October 11th, 1859."

After the motion was made, the sheriff, under leave granted by this court, made the following amended return :

"By leave of this court, I hereby amend the return made by me on the 11th October, 1859, on this *fi. fa.,* and make this as the correct return thereon. I levied this *fi. fa.* on two hundred and seven dollars and seventy-nine cents in my hands, and collected by me on *fi. fa.* in favor of M. Smith, administrator of the estate of John S. Smith, deceased, and being notified by said M. Smith not to pay the same to plaintiff in this *fi. fa.,* on the ground that the said estate of John S. Smith is insolvent, and I having doubts as to my power in the premises, do hereby return this *fi. fa.* into this court, and ask the court to direct the payment of the said money."

The plaintiff excepted to the order allowing the sheriff to amend.

The sheriff and his surety then filed two pleas to the motion : 1. A general denial ; and 2. "The defendants say that the said plaintiff ought not to have his said motion and judgment, because they say that by the amended return of said Thomas S. Parker, said Parker as said sheriff, after levying said *fi. fa.,* returned the same into court, and asks the court by his said return to make an appropriation of the said money, or direct the said sheriff in the premises as to the payment thereof."

To this last plea, the plaintiff demurred. His demurrer was overruled, and he declining to reply, the court dismissed the motion. From this judgment, the plaintiff sued out this writ of error.

*W. B. Trotter,* in *propria persona,*
Filed a brief in support of the assignments of error.

*George L. Potter*, on same side.

*Evans* and *Chapman*, for defendants in error.

HANDY, J., delivered the opinion of the court.

This was a motion under the statute by the plaintiff in error against the defendant in error, for money collected by the latter as sheriff, upon an execution in favor of the plaintiff, and on which he had made return that he had levied the money. The motion was made against the sheriff and his surety on his bond; and after service of notice of it, the sheriff appeared at the return term of the motion, which was also the return term of the execution, and moved the court for leave to amend his return; which motion was granted, the plaintiff excepting. The return was thereupon amended by stating in substance that the sheriff had levied the execution on $209 79 in his hands and collected by him on an execution in favor of M. Smith, administrator of John S. Smith (who was the defendant in the execution of the plaintiff on which this motion was founded); and that, being notified by said Smith not to pay the money to this execution on the ground that the estate of Smith was insolvent, he returned the money into court, and asked direction as to its payment. The defendants then filed a plea to the motion, stating that by the said amended return, the said sheriff, after levying the execution, had returned it into court, and asked an appropriation of the money or direction as to its payment. To this plea, the plaintiff filed a demurrer, which was overruled, and leave given him to reply, which he declined; and thereupon the motion was dismissed; and the plaintiff sued out his writ of error.

The first error assigned is, that the court allowed the sheriff to amend his return upon the execution. This was done after the motion was instituted, but at the return term of the execution. There was no error in permitting the amendment to be made. During that term, at least, the execution was under the power of the court, and the return could not be considered as complete until it had received the sanction of the court or the term had elapsed; for in legal contemplation, the return is presumed to be received and sanctioned by the court.

The next error assigned is the overruling of the demurrer; and we think this error well assigned.

The plea refers to the amended return as a justification for the failure to pay the money on the execution, and relies on the fact that in accordance with that return, the sheriff had asked the court for direction as to the appropriation of the money. But this clearly shows no justification. For, 1st, the return does not show that the estate of Smith, the defendant in the execution, was insolvent in fact, but simply states that the defendant had notified him that the estate was insolvent, and not to pay the money. 2d. It neither appears that the estate had been declared insolvent by the Probate Court, nor, if so declared, that it was done before the levy of the execution. Both of these things were necessary to be done in order to deprive the plaintiff of the money levied under his execution. *Bass* v. *Heard et al.* 33 Miss. 131. 3d. The plea shows no reason for submitting the question of the appropriation of the money to the court. It should have stated the facts upon which the sheriff claimed that he was justified in not paying the money to the plaintiff; and the court could then have determined upon the motion whether he was justified by those reasons in refusing to pay the money, and whether the plaintiff was entitled to it. The demurrer should, therefore, have been sustained to this plea.

It is further insisted that judgment should be rendered here for the plaintiff on the motion. But the practice is, upon a demurrer sustained to a plea, that the defendant be allowed to plead further. And as the defendant may be able to show a state of facts in relation to the estate of Smith, deceased, which would debar the plaintiff of the money, by reason of the insolvency of the estate within the rule above stated, the judgment will be reversed, and the cause remanded for further answer by the defendants.