SAMUEL F. GRAY, sheriff, plaintiff in error, *vs.* JAMES K. MAXWELL, trustee, defendant in error.

1. A sheriff having collected money for a plaintiff in execution is subject to process of garnishment at the instance of a creditor of said plaintiff.

2. Where a balance of money collected on an execution remained in the sheriff's hands, which he was notified was claimed by the attorney for the plaintiff in *fi. fa.* as his fee, and after such notice judgment was rendered against him on a process of garnishment sued out at the instance of a creditor of said plaintiff, he making no defense, which judgment he satisfied, it was not error in the Court, on the hearing of a rule *nisi* requiring him to show cause why he should not pay over such balance to the plaintiff's attorney, to make the rule absolute.

Garnishment. Sheriff. Rule against officer. Execution. Before Judge GREENE. Spalding Superior Court. August Adjourned Term, 1872.

For the facts of this case, see the decision.

JOHN D. STEWART; BOYNTON & DISMUKE, for plaintiff in error.

A. M. SPEER; D. J. BAILEY, for defendant.

WARNER, Chief Justice.

This was a rule against the sheriff to show cause why he should not pay over to the plaintiff's attorney the money in his hands, collected on a *fi. fa.* in favor of the plaintiff. The Court made the rule absolute against the sheriff for the payment of $100 00, whereupon the sheriff excepted. It ap-

pears from the record that the sheriff had collected, on an execution placed in his hands, issued from the Superior Court of Spalding county, in favor of the plaintiff, against the defendant therein, the sum of $250 00; that he paid to the plaintiff, by direction of plaintiff's attorney, $150 00, but was notified by him, in writing, that he demanded the balance should be paid to him, the attorney, he claiming the right to control the same. The sheriff had been served with a summons of garnishment from a Justices' Court, at the instance of a creditor of the plaintiff in execution. The sheriff answered that he had the money in his hands, but made no objection to the judgment being rendered against him in the Justices' Court for the money collected as sheriff as aforesaid, and paid the same in satisfaction of the Justices' Court judgment, after notice by the plaintiff's attorney, as before stated, which notice was given to the sheriff before the judgment was rendered against him, as garnishee, in the Justices' Court. If the rule was made absolute against the sheriff for the purpose of paying the $100 00 in his hands to the plaintiff, when he had already appropriated it to the payment of the plaintiff's debt, we should hold it was error, but if it was to be paid to the plaintiff's attorney for his fee in the case, as we infer from the notice given to the sheriff, (though the notice is not very distinct on that point) then the ruling of the Court was right, and, taking that view of it, we affirm the judgment of the Court below.

Judgment affirmed.