A. A. BURLESON ET AL. *v.* C. F. MILAN.

GARNISHMENT.   *Constable.   Money collected on execution.*
A constable may be garnished for money he has collected by virtue of an execution, and which he is bound to pay over to the plaintiff in execution.

ERROR to the Circuit Court of Tallahatchie County.

Hon. SAMUEL POWELL, Judge.

An attachment was sued out by one Houston, before a justice of the peace, for $145, and Milan was garnished. The justice refusing to render judgment against Milan on his answer, Burleson and others, the plaintiffs in attachment, appealed to the Circuit Court, where the garnishment was tried on the following agreed state of facts : —

Milan was a constable, and had made upon an execution in his hands a certain sum of money for Houston, who was plaintiff in execution. When Milan was garnished he had not returned the execution, nor had the return-day of the execution arrived. On the day he answered the garnishment, the return-day of the execution had passed, and he still had the money so made by him on the execution. The reason he did not return the money into court was because he had been garnished as aforesaid.

On this state of facts the Circuit Court gave judgment against the plaintiffs in attachment, who brought the case here.

*Fitzgerald & Marshall*, for the plaintiffs in error.

Having failed to return the execution on the return-day thereof, the constable became debtor to the plaintiff in execution (the defendant in attachment) to the amount of the execution, with interest and costs, and five per cent damages. Code 1871, sect. 282. And being so indebted, he was liable to garnishment. His excuse for not returning the writ amounts to nothing. No wrong is done the defendant in attachment by requiring the officer to pay the money to the plaintiffs therein. It has been held that, after demand made on the officer by the plaintiff in execution, for the money collected thereon, and his failure to pay it over, he becomes the debtor of the plaintiff, the money is no longer *in custodia legis*, and the officer may be garnished at the suit of a creditor of the execution-plaintiff. *Pollard* v. *Ross*, 5 Mass. 319. In this State, no demand is necessary ; but unless the execution is in court on the return-day, the officer becomes, by the terms of the statute, the execution-creditor's debtor. The reasons

given in the adjudged cases why money *in custodia legis* cannot be reached by garnishment do not apply here.

*W. S. Eskridge*, for the defendant in error.

The constable was not liable to garnishment at the suit of Houston's creditors. The money was *in custodia legis*, and not subject to levy under execution, or to garnishment. Freem. on Ex., 130, sect. 130. All ministerial officers having official possession of property or money are exempt from such process. Drake on Attach. 505, sects. 503–506. The officer's failure to return the execution on the return-day does not change the result. The remedy is against the *officer* and the sureties on his bond, by motion by the execution-creditor. Code 1871, sect. 282. The officer's fault, though it renders him liable to the plaintiff in execution, does not subject him to garnishment at the suit of such plaintiff's creditors. Freem. on Judg. 167, sect. 167. Milan's excuse for not returning the money on the return-day — that he was prohibited by the writ of garnishment — is good, and he is not debtor to Houston. He can make no return until the garnishment is decided. Otherwise he may have to pay the money twice.

CAMPBELL, J., delivered the opinion of the court.

Is a constable, who, by virtue of an execution in his hands as such, has collected money for the plaintiff therein, liable to be garnished in an attachment against such plaintiff, before the return-day of said execution, and while said money is still in the hands of the constable?

This question is answered in the negative by many authorities, and they were followed by the Circuit Court in this case. They rest on the doctrine that what is in the custody of the law cannot be seized by legal process, and that serious embarrassments and inconveniences may result from permitting an officer having money in his hands to be held as a garnishee. The reasoning of some of the cases is exceedingly technical, and is inapplicable to the process of garnishment and to the position of a constable under our law. Our statute provides

for the garnishment of "any person indebted to, or having effects of, the defendant," and any officer who shall collect money by virtue of an execution, and shall not "immediately pay the same to the party entitled thereto, or his attorney, on demand made," is liable to summary proceedings for the money, and heavy damages. The language authorizing garnishment is broad enough to embrace constables, and a constable who has collected money by virtue of an execution is indebted to the plaintiff, who has a right to demand immediate payment thereof. Nor can the argument from inconvenience be predicated of the garnishment of a constable under our statutes, which provide for the ample protection of the garnishee against any possible wrong.

We fail to perceive why a constable who has in his hands money which he is bound to pay to the plaintiff in an execution may not be required to answer as a garnishee in a suit against such plaintiff.

That money held by an officer, which he has collected by execution, is in the custody of the law, or in the hands of the officer by virtue of his office, does not furnish an intelligent reason for exempting it or him from legal process. The courts which have held that a sheriff cannot be garnished in a suit against the plaintiff for whom he has money which he has collected by virtue of an execution, have also held that a sheriff who sells property under execution, and has from the proceeds a surplus of money after satisfying the execution, may be garnished as a debtor of the defendant in the execution, to whom the money belongs ; because, they say, the money in such case is held by the sheriff in a private, and not in his official, capacity. However sound such reasoning may be where it is employed, it can have no force here. The distinction made by the courts referred to shows how unsubstantial is the foundation on which the denial of the liability of a sheriff to garnishment is made to rest, and how ready those courts are to escape from the rule which exempts such officer from liability to be held as a garnishee. In this State, the obligation and the official character

and liability of a sheriff or constable as to money in his hands, made by virtue of an execution, whether it belongs to the plaintiff, or it be a surplus after satisfying the execution, and is due to the defendant, is the same.    The officer is required, immediately on demand, to pay to the plaintiff, or his attorney, the money made by virtue of an execution, and due to him ; and his obligation to pay a surplus, after satisfying the execution, to the defendant therein is just the same.    So that, upon the authority of the courts of Massachusetts, Maryland, North Carolina, South Carolina, Alabama, Tennessee, Illinois, Missouri, Wisconsin, California, and Maine, cited by Drake on Attachment, and Freeman on Judgments, in support of the doctrine that a sheriff is not liable to be garnished for money held by him for the plaintiff in execution, such an officer in this State should be held liable to garnishment, as his relation to the plaintiff in execution is precisely the same before the return-day of the execution as it is to the defendant for whom he holds a surplus of money after satisfying an execution against him.

The cases denying that a sheriff may be garnished, and held liable as such, for money collected by him by virtue of an execution, do not rest on sound principles, as applied to such officers in this State.    Many courts have held that a judgment-debtor may not be garnished ; and Drake, in his work on Attachment, seems to think that fearful consequences might result from tolerating the garnishment of a judgment-debtor when the judgment is in one court and the garnishment in another.    All of which serves to show how inapplicable to this State is the reasoning of the cases which deny the liability of a sheriff to be summoned as a garnishee at any time when he has in his hands money due to the plaintiff in execution, and which he is obliged to pay over to him.    It was held long ago that a judgment-debtor might be garnished in this State. *Gray* v. *Henby*, 1 Smed. & M. 598.

Some of the courts which deny that a sheriff may be held as a garnishee for money he has made on execution, deny that

a sheriff can levy an execution in his hands against the plaintiff in another execution by virtue of which he has collected money, on such money in his hands, or that he can apply the money he has collected by execution to an execution in his hands against the plaintiff in the execution by virtue of which he has collected it.

In this State, such an application by the sheriff was not questioned (*Trotter* v. *Parker et al.*, 38 Miss. 473); and in Tennessee it was held to be proper. *Dolby* v. *Mullins*, 3 Humph. 437.

It has been held in Vermont, New Jersey, New Hampshire, Connecticut, and Georgia that a sheriff may be held as a garnishee for money he has collected by virtue of an execution. *Hurlburt* v. *Hicks et al.*, 17 Vt. 193 ; *Crane* v. *Freese*, 1 Harr. 305 ; *Woodbridge* v. *Morse*, 5 N. H. 519 ; *New Haven, etc., Mill Co.* v. *Fowler*, 28 Conn. 103 ; *Gray* v. *Maxwell*, 50 Ga. 108.

A sheriff and a constable occupy like positions, and are under similar obligations as to executions in their hands and money collected by virtue of executions ; and we hold that a constable may be garnished for money he has collected by virtue of an execution, and which he is bound to pay over to the plaintiff in execution.

Judgment reversed and cause remanded.