MATTIE E. HOWARD ET AL. *v.* J. T. PRIESTLY, SHERIFF.

AMENDMENT.   *Return on process.   Rule of practice.*
  It is always within the power and discretion of the court whence any process issues to permit the officer to whom it is delivered for execution, so long as he remains in office, to amend his return on the writ so as to show what has actually occurred in relation to the execution or non-execution thereof, provided no intervening rights have been acquired by virtue or upon the faith of the original return.   The granting of such amendment is largely within the discretion of the court, and should be exercised liberally for the promotion of justice, where no statute restricts and no wilful default of duty has occurred.

APPEAL from the Chancery Court of Madison County.
Hon. E. G. PEYTON, Chancellor.
 On the 21st of June, 1879, a *fieri facias* was issued from the Chancery Court of Madison County on a decree in favor of the appellants against D. J. Nichols, and was on the same day delivered to the appellee, J. T. Priestly, to execute, as sheriff of the county.   The writ was returnable on the third Monday of July, 1879.   The sheriff's return on the writ was in the following language:  "Levied on [certain described real estate] by advertising the same in the Canton *Mail* of August 9, 1879, too late for return at the July term, 1879. This 29th day of August, 1879."

On the third day of May, 1880, the appellants made a motion for a decree against the sheriff and the sureties on his official bond for the money due on the writ of *fieri facias*, on the ground that he had "voluntarily, and without authority, omitted to execute the said writ, or to levy the money therein

mentioned, according to the command of the writ." A copy of the motion was served on Priestly by the coroner of the county, on the seventh day of May, 1880, and on the same day he was notified that the motion would be presented to the court on the 19th of July, 1880, the first day of the next term thereafter. On the last-named day Priestly entered a motion to be allowed to amend his return on the *fieri facias* by striking out the indorsement thereon, and by indorsing on the same the following: " No personal property belonging to the defendant, D. J. Nichols, to be found in my county. The real estate of said defendant not levied on, by direction of T. S. Wood, one of, and acting for, execution creditors." The motion to amend was first heard and granted, and then the motion for a decree against the sheriff and his sureties was overruled, and the complainants in execution appealed.

*A. H. Handy*, for the appellants.

1. Sect. 229 of the Code of 1871 confers upon the appellants the right to maintain their motion against the appellee. The return showed that the sheriff had, without authority, omitted to perform his duty by levying on the defendant's land before the return-day of the execution, which had come to his hands in ample time to allow the levy and sale before the return-day. The return states no reason or excuse for the sheriff's failure to do so, and it shows that it was not levied until the return-day had passed and the legal force of the execution had expired, and when there was *no authority to levy it*. Upon the face of the papers, negligence on the part of the sheriff in executing the writ was manifest, and that was all that was necessary to maintain the motion. Cooley's Const. Lim. 362, 384; Dwar. on Stats. 743; Broom's Leg. Max. 184; *Garrett v. Hamblin*, 11 Smed. & M. 239. In *Morehead v. Holliday*, 1 Smed. & M. 627, it is settled that the sheriff is bound by the statute to make return of an execution in due time, and his failure to do so renders him liable, absolutely and without exception, for the debt, and the court has no power to dispense with this provision of the law.

2. The court erred in allowing the sheriff to amend his return by striking it out, and by making a new one, inconsistent with and contradictory of his original return. · Planters' Bank v. Walker, 3 Smed. & M. 421 ; 3 How. 66.

3. The allowance of the amendment was without jurisdiction and without power in the court. The execution was returnable to third Monday in July, 1879, and the sheriff's motion to amend was not entered until the 19th of July, 1880, and was heard without answer or plea to, or controversy of, the motion made by the appellants against the sheriff, and without notice to them otherwise than by the motion of the sheriff, entered on the motion-docket on the first day of the term at which it was heard. The regularity and solemnity of judicial proceedings, and especially of records, forbid that such amendments should be allowed by mere motion, after the grievance committed has been complained of in the mode prescribed by law, and where there is not full opportunity allowed to investigate the facts, by answer to the charges alleged, by adducing testimony in relation thereto, and by cross-examining the witnesses offered by the sheriff to prove the facts alleged by him.

The most of the cases in this State as to amendments have been decided with reference to pleadings and proceedings pending ; and, with regard to such matters, the allowance of amendments has been held to be matter of discretion, which cannot be assigned for error on appeal. · But the rule is otherwise with reference to amendments of sheriffs' returns on executions after the return-day has passed. Williams v. Appelt, 1 Smed. & M. 560 ; Dorsey v. Pierce, 5 How. 173 ; Planters' Bank v. Walker, 3 Smed. & M. 420. In such cases amendment is not warranted by any statute of amendments, and is not allowable, because the execution is not within the power of the court, and the amendment, if allowed, would affect rights given by statute and vested by the return of the sheriff showing his failure in duty. The right of appellants to have their motion sustained is a right given by statute

against a public officer as a penalty for the violation of his
sworn duty, as shown by his deliberate act of record.

*F. B. Pratt*, for the appellee.

The books are full of cases in which sheriffs have been al-
lowed to amend their returns upon executions after the return-
term and after motion filed against them.

In *Johnson* v. *Sterne*, 40 N. H. 197, it was held that the
sheriff might be permitted to amend his return on an exe-
cution according to the true state of facts, at a term subse-
quent to the return-term.

*Wilton Man. Co.* v. *Butler*, 34 Me. 442, was a suit against
a sheriff for taking certain goods, who justified his action under
an execution and his return thereon.    The return was not
signed.    Say the Supreme Court : `` This defect is fatal, unless
it can be supplied.    Upon satisfactory proof of the truth of the
return, the sheriff is authorized to amend by adding his signa-
ture.''

In *Brandon* v. *Snow*, 2 Stew. 258, the sheriff was al-
lowed, three years after the return of the execution, to amend
his return showing the levy and sale of a slave.    Say the Su-
preme Court of Alabama : `` The sheriff will be permitted to
so far protect himself as to make his return true at any time.''

In *Scruggs* v. *Scruggs*, 46 Mo. 272, the sheriff returned an
execution without any return upon it.    Say the Supreme
Court : `` The right of the sheriff to amend a defective return
by leave of court is beyond question, and it matters not even
that he is out of office.    Such amendments, in appropriate
cases, are allowed even on application of sheriffs' adminis-
trators, and there is no limitation of time within which this
class of amendments may be made.    They are not regulated
by any certain rules, but the court is bound to exercise a
sound discretion in the furtherance of justice.

In *Welsh* v. *Jay*, 15 Pick. 476, the Supreme Court held that
a sheriff might amend his return upon an execution even after
his term of office had expired.

In *Barker* v. *Bollinger*, 14 N. Y. 279, the sheriff had levied

upon a horse and left it in the stable of the defendant, and it was spirited away; whereupon the sheriff returned the execution *nulla bona*. The sheriff afterwards found the horse and brought suit for it, claiming under the levy he had made. He applied to the court out of which the execution issued, to withdraw it and to amend the return thereon in accordance with the facts, that he might use the execution and return in evidence. *Held*, that the amendment was properly allowed.

See also the following authorities: *Spoor* v. *Holland*, 8 Wend. 447; *Broughton* v. *Carter*, 6 Humph. 96; *Hill* v. *Hunton*, 2 Head, 124; *Langdon* v. *Simmons*, 10 Ohio St. 77; *Vaughan* v. *Warnell*, 28 Texas, 119; *Coopwood* v. *Morgan*, 34 Miss. 371; *Trotter* v. *Parker*, 38 Miss. 473.

*F. B. Pratt* made an oral argument also.

CHALMERS, C. J., delivered the opinion of the court.

It was settled in *Trotter* v. *Parker*, 38 Miss. 473, that the Circuit Court might allow a sheriff to amend his return on a *fieri facias* at the return-term thereof, notwithstanding a motion might then be pending against him in relation to said return.

It is insisted that this right of the court to permit such amendment ceases with the expiration of the return-term of the process; that the correctness of the return then made becomes an adjudication of the court, which fixes the rights of the parties, and cannot thereafter be allowed to be amended so as to divest vested rights. If the principle was sound, this record does not present a case calling for its application.

The return here was not made at or before the return-term of the execution, but after the expiration of the term, when the execution possessed no vitality and was improperly in the sheriff's hands. The motion did not allege a failure to return the writ, but sought to recover the penalty given by the statute (Code 1871, sect. 229) " for making such a return upon the execution in his hands as showed that the sheriff, voluntarily and without authority, omitted to execute the

same." Now the return in this case, as before remarked, was not made to any term of court, and, consequently, can in no point of view be entitled to any supposed sanctity as having become, by the expiration of the term, a judicial record; and the request for leave to amend was preferred at the next ensuing term after the indorsement upon the writ was made.

But we fail to see why the leave to amend may not be granted after the return-term as well as at such term, it being settled by the case of *Trotter* v. *Parker*, *supra*, that it may be done after the institution of proceedings against the sheriff based upon the original return. So to hold would enable the party instituting the proceedings, by delaying them for a single term, to cut off all defence by the officer and to hold the latter to the literal truth of an indorsement, which, perhaps, by no fault of his, was accidentally false.

The authorities are by no means uniform as to the time when and the circumstances under which an officer may be permitted to amend his return upon process. A few of the cases limit it to the return-term of the writ; others to the time before the institution of proceedings against him. Some confine it to his incumbency in office; others permit it after he has vacated his office, and some allow it to be done by his administrator after his death. Authorities illustrating these various views will be found collected in 1 Abbott's United States Digest (1st series), 253 *et seq*.

Without undertaking to lay down a rule to govern all cases, we think it safe to say that it is always within the power and discretion of the court to permit an officer, so long as he remains in office, to amend his return so as to show the truth of the facts as they actually occurred, provided no intervening rights have been acquired by virtue or upon the faith of the original return.

This rule, we think, is sanctioned by justice and the great weight of authority. It is held to be a matter resting largely in the discretion of the court, to be exercised liberally for the promotion of justice, where no statute restricts and no wilful default of duty has occurred.

There was no error in this case in permitting the amendment. Whether the return as amended embodied the truth, was submitted to the chancellor upon conflicting evidence. He decided in favor of the sheriff, and we find no occasion to reverse his decision.

Decree affirmed.