Fidelity & Casualty Co. of New York *v.* Cross.

[89 South. 780. No. 22002.]

1. INSURANCE. *Service upon state insurance commissioner will support default judgment against company having made commissioner its attorney in fact for service of process.*

Section 2606, Code 1906 (section 5069, Hemingway's Code), providing that a foreign insurance company desiring to do business in the state shall file an instrument with the insurance commissioner making him its attorney in fact for service of process, and agreeing that such service shall be as effective as if served upon the company, where such agreement is filed and afterwards suit is filed, and process is served upon the commissioner as provided in the insurance chapter, such service is good and will support a judgment by default, and the insurance company cannot attack the validity of such service on appeal.

2. INSURANCE. *Clerk need not mail copy of summons to foreign insurance company where insurance commissioner was served as its attorney in fact.*

Where a foreign insurance company desiring to do business in this state executes the power of attorney provided for by Code 1906, section 2606 (Hemingway's Code, section 5069), and is sued and process served upon the insurance commissioner, Code 1906, section 920 (Hemingway's Code, section 4094), *is not* applicable, and process served upon the insurance commissioner will support a default judgment, even though the clerk of the court where the suit is filed does not mail a copy of the summons to the address of the foreign insurance company.

3. INSURANCE. *Where process was served upon state insurance commissioner as attorney in fact for foreign insurer, it will be presumed the commissioner mailed copy of summons to defendant.*

Where process is served upon the state insurance commissioner as attorney in fact, under a written power of attorney filed in the insurance commissioner's office as required by law, and judgment by default is entered on such return, and no motion is made during the term to set aside such judgment, the court will presume that the insurance commissioner mailed a copy, as required by law, and that it was duly received by the company.

APPEAL from circuit court of Clay county.

HON. THOS. B. CARROLL, Judge.

Suit by Chaillos Cross against the Fidelity & Casualty Company of New York. Default judgment in favor of plaintiff, and defendant appeals. Affirmed.

*Alexander & Alexander* and *Nadal, Jones & Mouton,* for appellant.

The fact that service of process was made on the insurance commissioner does not obviate the necessity for compliance with section 920. Section 2606, dealing with the appointment of the insurance commissioner as process agent is quoted in part as follows:

"Third, it shall, by a duly executed instrument filed in his office, constitute and appoint the commissioner of insurance, and his successors, its true and lawful attorney, upon whom all process in any action or legal proceedings against it may be served, and therein shall agree that any

process against it which may be served upon its said attorney shall be of the same force and validity as if served on the company, and the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state.     The service of such process shall be made by leaving a copy of the same in the hands or office of said commissioner.  Copies of such instrument certified by the said commissioner shall be deeemd sufficient evidence thereof, and service upon such attorney shall be deemed sufficient service upon the principal.

This section of the Code first appeared in the Laws of 1920, chapter 59, Amended Laws of Mississippi, 1904, page 95, and the only purpose of this third paragraph of section 2606 was to designate an agent upon whom service of process may be had.  Certainly it was not the intent of this section to make service of process on the insurance commissioner any more effectual than that made upon any other duly authorized officer or agent.

It is well that we compare the two sections 920 and 2606. First it will be noted that section 2606 was in force prior to the adoption of section 920.  In other words, before section 920 was adopted, it was prop r to serve process on the Insurance Commissioner.  The purpose of section 2606 was to save litigants the oft-recurring trouble, uncertainty and annoyance of locating a process agent of a foreign insurance company, against which they sought a recovery. With section 2606 still in force section 920 of the Code was adopted.  The purpose of section 920 was to give the foreign corporation effectual notice, and to fix a time when judgments and decrees may be taken, after the process has been served.

We might also mention that both sections 920 and 2606, Code of 1906, were incorporated into the Code of 1906 at the same time, and both can be operative only by construing the one as supplemental to the other.

It is not doing violence to section 2606, to say that the requirements of section 920 are not in conflict with but are in addition to, the requirements of section 2606.  Let us

127 Miss.—3

suppose that service of process is served on a general agent of the foreign insurance company in Mississippi; in this event, to give the company the necessary effectual notice, copy of the process must be mailed to the home office of the company, as provided in section 920. On the other hand, if service of process is made on the Insurance Commissioner, appointed process agent, is it not equally as necessary to comply with section 920, in order to give the same effectual notice to the company, and fix the date before which a decree or judgment cannot be entered.

In order to clear up any question as to the intent of the legislature, let us minutely analyze section 920 keeping in mind that it was enacted as a law after section 2606.

Section 920 provides: "Process may be served upon any agent of said corporation found within the county where the suit is brought, no matter what character of agent such person may be."

It also provides: "The officer serving the process shall state the facts upon whom issued, etc., in his return, and service of process so made shall be as effectual as if a corporation of this state were sued, and the process has been served as required by law."

Continuing the section says: "But in order that defendant corporation may also have effectual notice, it shall be the duty of the clerk to immediately mail a copy of the process to the home office of the corporation by registered letter, the postage and fees of which shall be taxed as other costs. The clerk shall file with the papers in the cause a certificate of the fact of such mailing and make a minute thereof upon the docket, and no judgment shall be taken in the case until thirty days after the date of such mailing.

The reasons and necessity of Code section 920 apply, no matter what character of agent such person may be, regardless of whether the agent is a soliciting agent, general agent, or merely an agent for service of process. It is proper that in all cases where an agent of a foreign corporation is served, that effectual notice be also given to the head office of the corporation, so as to prevent the corporation

from suffering by reason of any failure of the agent to give the corporation notice of the suit. Do not overlook that it is possible to compel defendants to answer suits within five days, when such process is served five days before the return day of the court, and a case is triable when process is served within thirty days or more. The legislature certainly had this in mind, and was aware that foreign corporations domiciled in distant and remote states would suffer a great hardship in many cases, unless a law was enacted providing that a judgment could be entered only after thirty days from the date of the mailing of a registered letter inclosing a copy of the process to the home office of the defendant corporation. Without such provision, it would be possible to force, a defendant in New York to plead a case only five days after service of process on any agent; hardly sufficient time for a letter to be received and answered and certainly not sufficient time for a defendant to secure a copy of the declaration or bill, employ counsel and acquaint themselves with the nature of the suit. The situation would not be any different, and the likelihood of a hardship any less, if the Insurance Commissioner was originally served with process, instead of any other agent.

Again let us notice what requirement is placed on the Insurance Commissioner in respect to giving notice to the foreign insurance corporation of the service of process, when made on him as process agent. Code section 2569, provides:

"When legal process is served upon the commissioner as attorney for a foreign company or order under the provision of section 2606, he shall forthwith notify the company or order of such service by letter prepaid and directed to its secretary or in the case of a foreign country, to its resident manager, if any, in the United States, and shall within two days after such service, forward in the same manner a copy of the process served on him to said secretary or manager, or to such person as may have been previously designated by the company or order by written notice filed in the office of the commissioner."

Please notice the Insurance Commis, .. ner is required only to notify the company or order of such service by letter prepaid, etc., with this statute before the legislature when section 920 of the Code was adopted; it was seen fit in enacting section 920 to require the clerk to immediately mail a copy of the process to the home office of the corporation by registered letter, etc.

This requirement of section 920 that notice shall be sent by registered letter, is an important fact to consider in arriving at the real intent of the statute and shows that the purpose was to provide the best known and safest means of insuring actual notice to the foreign corporation.

Both Code sections 920 and 2606, taken alone, may appear conclusive in themselves, but when considered together, the one supplementing the other, there is no confusion. Both statutes provide that the process, when served according to the requirements therein outlined is valid.

Section 2606 says: "That any process against it which may be served upon its said attorney shall be of the same force and validity as if served on the company."

Section 920: "And service of process so made shall be as effectual as if a corporation of this state were sued, and the process has been served as required by law."

There can be little difference in the force of the expression used in the two statutes. Section 920 provides that the service of process made on any agent shall be as effectual as if a corporation of this state were sued, and section 2606 makes a particular process agent and provides that service of process on this particular agent, the Insurance Commissioner, shall be of the same force and validity as if served on the company. It is made clear in both statutes that the service of process is valid, but please note that section 920 adopted after section 2606, in addition to fixing the validity of the service of process on a proper agent requires certain specific acts by the clerk, in order that the defendant corporation may also have effectual notice. In other words assuming that ordinarily the ser-

vice of process on an agent of a foreign insurance company, is valid, whether the agent be the Commissioner or some other agent; still, section 920 of the Code requires a specific method of giving effectual notice to the company at its main offices, and fixes the definite time limit of thirty days after the giving of such notice as required, before a judgment or decree can be taken.

The only case in this state, that we can find, where the question was ever presented, is the case of the *National Surety Company* v. *Board of Supervisors of Holmes County*, 120, because section 2606 provided that service of process may be obtained upon the appointed agent of the insurance company. The court decided the case on the ground that it did not appear in the record that the insurance company appointed an agent for service of process, and that the particular alleged agent served with process, was not shown to have been appointed under the provisions of section 2606, and the court could not take judicial notice of the appointment, if such had actually been made.

It is important to note, however, that the court speaking through Judge HOLDEN, stated: " We are much inclined to believe, though we do not decide, the service of process even under section 920, Code of 1906 (section 4094, Hemingway's Code) was insufficient in this case to support a decree *pro confesso*."

In other words, it was the court's view that even if the agent, Mayfield, had been shown to have been duly appointed, still the particular service on Mayfield was insufficient to support the *pro confesso* decree, by reason of the failure to comply with the provisions of section 920.

We do not think it important to further elaborate on this statement by the court in the National Surety Company case, but we consider it of vital importance, in view of the fact that the question has not yet been directly passed upon by the supreme court. The question involved in this case is simple, but of far-reaching importance to our client. The court will notice that the suit is for a monthly disability covering only a reasonably short time. With the

appellants confronted with demands for continued disability, there is necessarily a large amount involved. There is also necessarily involved the question of possible *res adjudicata* of the default judgment, in the event of these additional claims being made and in case of an adverse decision, the appellant may be placed in the attitude of being deprived of its right to make its proper defense to successive suits and this by reason of no fault or negligence on its part.

Lastly, we respectfully refer the court to the general rule, long established in this state, that apparently repugnant statutes must be so construed as to reconcile the conflict, if it can be done by reasonable construction, and to give full force and effect to both. *Gilmore Puckett Gro. Co.* v. *Lindsey Wells Co.,* 103 Miss. 468, 60 So. 580; *Ascher* v. *Moyse,* 101 Miss. 36, 57 So. 299; *Holly Springs* v. *Marshall County,* 104 Miss. 752, 61 So. 703; *Kennington* v. *Hemingway,* 101 Miss. 259, 57 So. 809, 39 L. R. A. (N. S.) 541, Ann. Cases, 1914B, 392.

The Code section 920 applies to all foreign corporations, and its requirements are additional to, but in no way conflicts with, other statutory provisions on the subject of process or its service.

*Paine & Paine,* for appellee.

At the time of writing our original brief in this case we were not apprised of the recent decision of this court in the case of *Aetna Insurance Co.* v. *Robertson, State Revenue Agent,* 88 So. 883. decided by the court *in banc* on June 20, 1921.

Our argument was based solely on an analysis and interpretation of section 2606, and section 2569 of the Code of 1906; since reading the case *supra,* we have an abiding faith that our argument in the original brief, to-wit, that service on the insurance commissioner where he has been appointed as the attorney for the service of process by a foreign insurance company, is sufficient to bring the in-

surance company in court, and that it is not necessary to also have process mailed the company under section 920 of the Code as the mailing of notice to said insurance company is provided for by section 2569, cannot be successfully assailed. This decision sustains us and is directly in point.

We refer the court to this case, *ubi supra.* In that case the statement of facts on page 885 evidences the fact that: "summons was served upon the insurance commissioner for each of the nonresident insurance companies under the provisions of the statute on that subject. It is true that process was served on the resident agent of the insurance companies, who were also made defendants, the proceedings being an attachment in chancery under section 536, Code of 1906, but no process was mailed to the foreign insurance companies under section 920, Code of 1906.

The court in rendering its opinion on page 892 in answer to an argument of appellant said that foreign insurance companies may be served with process by serving the insurance commissioner. This court will observe that the court in the case, *ubi supra,* did not hold or decide that in addition to service of process on the insurance commissioner under section 2606, that process also had to be mailed by the clerk under section 920 as is so earnestly contended for by counsel for appellant.

We confidently believe that if the court will read our original brief and this supplemental brief, that it will unhesitatingly affirm this case.

*Gates T. Ivy,* for appellee.

In the year 1906, the Mississippi legislature adopted the Code of 1906, which retained the section of its predecessors, relating to suits against foreign corporations by attachment or otherwise as individual nonresidents might be sued. That code also retained for the most part chapter 59 of the Laws of 1902, with modifications, touching the department of insurance and the provisions for appoint-

ment of the commissioner as process agent under section 2606, article III, as well as the provision for the appointment of an agent in this state, authorized to acknowledge service under article IV of said section 2606, chapter 69, relating· especially to insurance companies.

It has· already been argued in our brief that the section providing for suits against foreign corporations by attachment was not conjunctive with the provisions contained in the chapters relating to insurance companies appearing in all codes prior to 1906, and that the contention could not be heard that a corporation, while these statutes were coexistent, must be sued both by attachment and service on the designated agent. If this be true, then any other provision relating to service of process on an agent of a foreign corporation under the chapter on corporations generally was and is not conjective but disjunctive; that is to say, a foreign corporation might be proceeded against by attachment on publication notice as in the case of individual nonresidents or jurisdiction might be acquired by service on the designated agent, authorized to acknowledge service.

Under chapter 69, section 2606, of the Mississippi Code of 1906, foreign insurance companies are especially and exclusively dealt with. Under chapter 24 of the Code of 1906, corporations generally were treated, and for the first time appears section 920 providing service upon any agent of a corporation found within the county where the suit is brought, etc., further providing for the manner of such service and the duty of the clerk in such case. Following the argument certainly this section was not conjunctive with section 2606 of the same code, treating of matters *in pari materia,* with· exclusive application to insurance companies. Section 920 of this code appears under the chapter on corporations generally and relates to corporations generally, saving those excluded by special treatment under some other chapter or section relating to the same matter. There is no more reason for construing section 920 of the Code of 1906, relating to service of process on an agent of

the corporation as conjunctive with sections 2606 of the same code, than there is in construing section 914 of the same code, providing for suit by attachment against foreign corporations as conjunctive with section 2606. All of these provisions relating to process and jurisdiction of corporations and insurance companies except section 920 of the Code of 1906, substantially appeared coexistently in the proceding codes, and were not there conjective for the purpose of jurisdiction, nor are they now; neither is section 920, appearing under the chapter treating of corporations generally with any more reason conjective, with either of the other two sections. At the time of the adoption of the Code of 1906, there was no method of protection of the citizens of this state against the act of foreign corporations through the courts except by the provosion for suit against such corporations by attachment, saving that at this time and prior to this period, insurance companies had been given special treatment by the legislature so far back as the year 1857, as we have stated.

Since section 920 of the Code of 1906, providing for service on agents of corporations found within the county where the suit is brought, first appeared in that code, we pause to question its purpose, except for the special chapter relating to insurance companies. Before this time, jurisdiction could be acquired over foreign corporations, saving insurance companies, only and exclusively by attachment or othewrise as indicidual nonresidents might be sued, Special provision having been made for service on foreign insurance companies for the purpose of jurisdiction for the protection of the rights of the citizens of this state, it was deemed wise that some further method of service should be provided in order that jurisdiction might be more easily acquired over foreign corporations in general doing business in this state, and enjoying the privileges of, and reaping the fruits from our fields. Thus was created section 920 of the Code of 1906. Section 919 of this code was not new, but was pre-existent, providing that foreign corporations found doing business in this state should be

subject to suit here, but previously to the Code of 1906, as
stated, jurisdiction over foreign corporations generally,
saving foreign insurance companies, could only be acquired
by attachment or otherwise as individual nonresidents
might be sued.  Under the provisions of section 920 a fur-
ther method of service was provided as to corporations
generally, which had not received special treatment in mat-
ters *in pari materia,* such as foreign insurance companies.
This section was in aid of or in extension of, the remedy
provided by section 914 of the same code, authorizing
suits against corporations by attachment, etc., and in no-
wise conjunctive with section 2606 of the same code as
contended by counsel for appellant.  Acting under section
914 of the 1906 Code, under which suit is instituted by at-
tachment, it is only necessary that if property of the for-
eign corporation is found within the borders of this state
then subject to attachment, publication of notice be made
for the period required by law, and in the manner pro-
vided in case of suit against individual nonresidents of this
state.  Certainly it is not necessary in such case that sec-
tion 920 of the same code be additionally followed by serv-
ice on some agent in the state doing business for the corpo-
ration, or who transacted the business out of which the
cause of action arose, if these two sections are not there-
fore, conjunctive and both not to be complied with as to
corporations generally, certainly section 920 relating to
corporations generally and incorporate under the chapter
on that subject is not to be construed as conjunctive with
the requirement of section 2606 of the same code relating
to foreign insurance companies specifically.

Reasoning further as to section 920 of the Code of 1906,
and sustaining the construction here urged, let it be borne
in mind that the legislature had as its purpose not only
an additional method of acquiring jurisdiction over cor-
porations generally to that provided by section 914 by at-
tachment, but having provided for process on any agent
regardless of the character of such agent doing business
for the foreign corporations and also upon any agent who

represented the corporation at the time of the transaction
out of which the suit arose took place.  It well understood
the difference that might characterize the conduct of some
person, who formerly acted for the company in the trans-
action of the business out of which suit might arise, but
who had left the employment of the company, not for one
day but perhaps a year or more prior to service.  It was
deemed necessary that more should be done in such case
than merely to serve the agent with process in protection
of the rights of the company.  Hence the further provision
under this section, and in order that such service might be,
as effectual as if a corporation of this state were sued. That
is to say, the requirement of the clerk to immediately mail
a copy by registered letter, etc., but under the special chap-
ter 69 of that Code, section 2606, relating to foreign in-
insurance companies, such further precaution was not
deemed necessary, since the insurance commissioner is an
arm of our Governmental department whose duties are
prescribed by law and for whose omissions penalties are
fixed, and will be assumed to do the duties required of
him by law, quite as definitely and with as much safety to
those concerned as might be expected of a clerk of a court.
And likewise it may be said of the further provision under
chapter 69, section 2606, article IV providing for the ap-
pointment by written instrument of some resident agent of
such foreign insurance company, authorized to acknowledge
service of process on behalf of the company.  In the latter
case such agent is then acting for the company and imme-
diately allied with its interest, at all times in touch with
the company, then doing business for it, and being a des-
ignated agent through a ceremonious instrument of writ-
ing for the purpose, legislature assumed that this provi-
sion for service was self sufficient, and to be followed in-
dependently of any other legislative provision relating to
foreign corporations generally.  That service upon such
agent would be quite as effectual as service upon the secre-
tary or president of the institution, who themselves are but
agents of the institutions for whom they act.

It may be, though we offer no conclusion on the subject, that one having civil grievance against a foreign insurance company might acquire jurisdiction by acting solely under section 920 of the Code of 1906, pursuing its formalities independent of the special provision made for service under section 2606 of the same code, but for the reasons stated in this brief, each is independent of the other, and certainly notice served upon the insurance commissioner or other designated process agent is made effectual and self-sufficient in that by special provision such service is declared to be as effectual as if served upon the company or corporation itself, all errors and irregularities waived. The plaintiff in that case is not concerned with whether the insurance company or designated process agent actually notifies the company or not. As to foreign insurance companies the end sought is to give notice to certain designated agents, who are authorized by the company to acknowledge service for it, and all irregularities are waived by the company, all of which must be done as a condition precedent to qualifications to do business in this state. Notice to the insurance commissioner and other designated agent in such case is deemed self-sufficient, because their official position and relation is deemed quite as effectual and sufficient as if served on the president or some other official or agent of the institution.

Concluding our argument in this behalf, we submit that the legislature adopted the Code of 1906, containing chapter 24, relating to corporations, as well as section 920, relating to process on corporations generally and had this to say at section 937, "extent of the chapter, the provision of the chapter when not limited by their terms, shall apply to all corporations whatever, where the subject-matter is not elsewhere prescribed." Thus section 920 is expressly limited by the legislature in its application, and applies to all corporations saving those elsewhere dealt with in matters *in pari materia.*

ETHRIDGE, J., delivered the opinion of the court.

The appellee was plaintiff below and the appellant defendant. The plaintiff brought suit against the defendant on an insurance policy and served process on the state insurance commissioner under the provisions of section 2606, Code of 1906 (Hemingway's Code, section 5069). This process was served nearly three months before the return day of the court. There was no appearance in the court by the defendant, and a default judgment was taken, and a writ of inquiry issued to assess the amount due the plaintiff under the terms of the policy, and verdict rendered thereon, upon which judgment was entered, and the court adjourned without any motion being made to set aside or vacate the judgment. Some time after the court adjourned the defendant filed an appeal bond and brings the record before us.

The appellant contends here that in addition to the service of process against the insurance commissioner the clerk of the court is required to also send a copy of the summons directed to the defendant, which is a foreign corporation, under the terms of section 920, Code of 1906 (Hemingway's Code, section 4094); and that, inasmuch as that section provides that no judgment can be rendered until the expiration of thirty days after the mailing by the clerk of such copy of the summons, the court had no authority in this case to enter judgment.

The question presented for decision is whether the provisions of section 2606, Code of 1906 (Hemingway's Code, section 5069), are sufficient when the process is served upon the insurance commissioner as an attorney in fact. The third clause of this section reads as follows:

"It shall, by a duly executed instrument filed in his office, constitute and appoint the commissioner of insurance, and his successor, its true and lawful attorney, upon whom all process in any action or legal proceeding against it may be served, and therein shall agree that any process against it which may be served upon its said attorney shall

be of the same force and validity as if served on the company, and the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state. The service of such process shall be made by leaving a copy of the same in the hands or office of the said commissioner. Copies of such instrument certified by the said commissioner shall be deemed sufficient evidence thereof, and service upon such attorney shall be deemed sufficient service upon the principal."

It will be seen from this clause that the company is required to agree that the commissioner of insurance is the true and lawful attorney in fact, upon whom all process in any action, or legal proceeding against it may be served, and therein shall agree that any process against it may be served upon its said attorney, and shall be of the same force and validity as if served on the company.

Section 920, Code of 1906 (Hemingway's Code, section 4094), reads as follows:

"Process may be served upon any agent of said corporation found within the county where the suit is brought, no matter what character of agent such person may be; and in the absence of an agent, it shall be sufficient to serve the process upon any person, if found within the county where the suit is brought, who represented the corporation at the time of the transaction out of which the suit arises took place, or if the agency through which the transaction was had be itself a corporation, then upon any agent of that corporation upon whom process might have been served if it were the defendant. The officer serving the process shall state the facts, upon whom issued, etc., in his return, and service of process so made shall be as effectual as if a corporation of this state were sued, and the process has been served as required by law; but in order that defendant corporation may also have effectual notice, it shall be the duty of the clerk to immediately mail a copy of the process to the home office of the corporation by registered letter, the postage and fees of which shall be taxed as other costs. The clerk

shall file with the papers in the cause a certificate of the fact of such mailing, and make a minute thereof upon the docket; and no judgment shall be taken in the case until thirty days after the date of such mailing."

Section 937, Code of 1906 (Hemingway's Code, section 4115), being a part of the chapter containing section 920, Code of 1906 (Hemnigway's Code, section 4094), reads as follows:

"The provisions of this chapter, when not limited by their terms, shall apply to all corporations whatever, where the subject-matter is not elsewhere prescribed."

By section 2569, Code of 1906 (Hemingway's Code, section 5034), it is provided that when legal process is served upon the commissioner for a foreign company under the provisions of section 2606, Code of 1906 (Hemingway's Code, section 5069), he will forthwith notify the company of such service by letter prepaid and directed to its secretary, and shall within two days after such service forward a copy of the process served upon him to said secretary; but it further provides that failure of the commissioner to notify the company shall not affect the validity of such service, but shall subject him to liability on his bond for such damage as the company shall suffer thereby.

We are of the opinion that the service provided under the terms of section 2606, Code of 1906 (Hemingway's Code, section 5069), is sufficient, and that section 920, Code of 1906 (Hemingway's Code, section 4094), is not applicable in this case, for the reason that by section 937, Code of 1906 (Hemingway's Code, section 4115), this is a provision which makes the matter prescribed elsewhere within the meaning of that section. In other words, as to foreign insurance companies, the service under section 2606, Code of 1906 (Hemingway's Code, section 5069), is sufficient. In the present case the company filed the appointment of the insurance commissioner as its attorney in fact, as required by this section, and for the purpose of suit the commissioner is, under the terms of the statute, the *alter ego* of the company.

In addition to these observations, there is nothing in the record to show us that the company failed to receive the process which the insurance commissioner is required to mail to it, and we are bound to presume, in the absence of a showing to this effect, that that officer did his duty. We do not mean to say that the provisions of section 920, Code of 1906 (Hemingway's Code, section 4094), would not be applicable if the insurance company had not appointed the insurance commissioner its attorney in fact; but as it has appointed him the company cannot contend that service upon him is sufficient. The judgment will therefore be affirmed.

*Affirmed.*