Great Southern Life Ins. Co. *v.* Gomillion.[*]

(Division B.    Jan. 3, 1927.)

[110 So. 770.    No. 26061.]

1. Insurance. *Statute providing for substituted service on foreign corporation does not apply to suits against insurance companies appointing agents for service of process (Hemingway's Code, sections 4094, 4115, 5069).*

  Section 920, Code of 1906 (section 4094, Hemingway's Code), providing for service of process upon a foreign corporation by serving same upon any agent of the said corporation found within the county where the suit is brought, no matter what character of agent such person may be, and providing that the clerk shall mail a copy of the process to the home office of the foreign corporation, is not applicable to suits against insurance companies which have appointed an agent upon whom process may be served, in compliance with section 2606, Code of 1906, section 5069, Hemingway's Code.

2. Process. *Return of process served on duly appointed agent of insurance company may be amended during next sitting term without service of copy of motion to amend (Hemingway's Code, section 5069).*

  Where a process has been actually served upon the agent of an insurance company duly appointed in compliance with section 2606, Code of 1906 (section 5069, Hemingway's Code), the return of the sheriff executing the process may be amended during the next succeeding term without service of a copy of the motion to amend upon the insurance company. The process being sufficient to bring the insurance company into court, it remains in court until court adjourns, or until final disposition is made of the cause or until it has been continued to another term.

3. INSURANCE. *Corporation cannot complain of failure of duly appointed agent, served with process, to give it notice (Hemingway's Code, section 5069, par. 4).*

Where process has been served upon the duly appointed agent of a company under paragraph 4, section 2606, Code of 1906 (section 5069, Hemingway's Code), the company cannot complain that its duly appointed agent failed to give it notice of such service of process or of the pendency of the suit. Under the said statute service upon the agent is as efficacious as if served on the company itself.

*Corpus Juris-Cyc. References: Insurance, 33CJ, p. 154, n. 71; Process, 32Cyc, p. 570, n. 59 New.

APPEAL from chancery court of Leake county.
HON. T. P. GUYTON, Chancellor.

Action by J. N. Gomillion against the Great Southern Life Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*McMillon & Leach* and *Wells, Stevens & Jones,* for appellant.

I.   This cause involves purely the legal sufficiency of the process served upon appellant and the default judgment taken against it. We contend that there never was any service of process on the company but simply service on the person described as its agent. It is the universal rule that process in suit against corporation must run against the corporation by name and not against the officer and it necessarily follows that the service of the process must be on the corporation named by handing a copy thereof to some person authorized to represent it and the return must show service against the corporation and not simply against its agent. 32 Cyc. 546, paragraph (b).

It follows, therefore, that although process directs service on the corporation that there is no service where the return is simply on a person as its agent and the corporation is nowhere named in the return as having been served. In the case at bar the return says that serv-

ice was had by delivering a copy to Jodie I. Williams, agent of the company, and the clause showing the name of Williams and describing him as agent of the company is purely descriptive of his character and no wise constitutes service of process on the defendant.

Counsel for appellee recognized this fact and undertook to obviate it by the motion to amend the return which the court allowed and the amended return, as shown by the record, shows the recital of service against the appellant by handing a true copy to Williams, its agent.

Our position in! this connection is sustained by *Rand* v. *Proprietors Connecticut River, etc.,* 3 Day 441, Conn. Case; *Kirkpatrick Construction Co.* v. *Central Electric Co.,* 159 Ind. 639, 65 N. E. 913; *Blodgett* v. *Schaffer* 94 Mo. 652; 7 S. W. 436; *Zeigler* v. *George Schleicher Co.,* 107 N. Y. Sup. 85; *Virginia Bank* v. *Craig,* 8 Leigh (Va.) 399; *Sun Mutual Ins. Co.* v. *Seeligson,* 59 Tex. 3; *State* v. *Voorhies,* 23 So. (La.) 871.

It is perfectly true that the only way service on a corporation is had is by service on its proper agent, but that fact does not relieve the necessity of the return showing that there was actual service on the corporation and not simply service on a person who happened to be its agent.

II.    The court obtained no jurisdiction because section 4094, Hemingway's Code, was not complied with. This error in itself is conclusive of the invalidity of the decree.    *Eminent Household, etc.,* v. *Lundy,* 110 Miss. 861, 71 So. 16.

III.    The amendment of the return was improperly allowed because of the following defects: (a)    The sheriff was not a party to the motion. 32 Cyc. 537, subdivision C; *Jefferson County Savings Bank* v. *McDermott,* 99 Ala. 79, 10 So. 154.    (b)    The motion was heard without notice to appellant.    32 Cyc. 539.

There was no notice given to appellant of the motion to amend and extrinsic evidence was necessary. Counsel for appellee so recognized and introduced on the hearing a certified copy of the appointment of Jodie I. Williams as agent of the company in Mississippi, for process. Said certified copy having been furnished by the insurance commissioner of the state of Mississippi, the proper custodian of the original.

As supporting this contention, see the following cases: *Chicago Planing Mill Co.* v. *Merchants Nat'l Bank,* 86 Ill. 587; *Linder* v. *Crawford,* 95 Ill. App. 183; *Haynes* v. *Knowles,* 36 Mich. 407; *Montgomery* v. *Merrill,* 36 Mich. 97; *Little Rock Trust Co.* v. *So. Missouri, etc., Co.,* 195 Mo. 669, 93 S. W. 944; *Wittstruck* v. *Temple,* 58 Nebr. 785, 51 N. W. 134; *Wausaw First Nat'l Bank* v. *Kromer,* 126 Wis. 436, 105 N. W. 823; *King* v. *Davis,* 137 Fed. 222, affirmed in 157 Fed. 676.

There was nothing of record in the case showing the connection between Jodie I. Williams and the appellant, and under the authority of *Ins. Co.* v. *Sayle,* 107 Miss. 169; and *Nat'l Surety Co.* v. *Board of Supervisors,* 120 Miss. 706, 83 So. 8, the opinion in the latter case on this point being on page 729, the return was not sufficient to have supported the default judgment and counsel for appellee recognized that fact and filed a motion to amend the return. .

IV. Even if the amendment was properly allowed, it conferred no jurisdiction on the court to try the case at the March, 1926, term. Where the return of process is utterly defective, showing no service on the corporation, an amendment or an *ex parte* hearing does not relate back to the date of service so as to make the case triable at the return term of the original writ because the court on the return day had no jurisdiction whatever on the defendant. The amendment of the return is an *ex post facto* act and if permissible at all, after the proc-

ess is made legal, it only requires the appearance of defendant at the next term of court.

V.   Finally we wish to note that the sheriff. in this case did not make the motion to amend the return. It was made upon motion of complainant. The sheriff did not make the amendment. There was no order authorizing him to, the order authorized the complainant to make the amendment and under the authority of 32 Cyc. 538, the officer is the only party who can make the amendment and is a necessary party to the motion.

The appellant has not had its day in court. It has not been protected by the due process of law nor has it been given the due protection of law.

*Ross R. Barnett* and *H. C. Barnett,* for appellee.

I.   We contend that the sheriff's original return was sufficient to support a decree *pro confesso* and final decree because the sheriff was directed to summons the Great Southern Life Insurance Company by leaving a copy of the summons in the hands of its duly authorized agent, Jodie I. Williams.   As a matter of fact, it seems clear that the defendant company was legally summoned and since the summons was had on the agent that the appellant company appointed for the purpose of receiving and acknowledging service of process, it should be just as binding and effective as if served upon the company itself.

Counsel for appellant contends that it is a universal rule that process in a suit against a corporation must run against a corporation by name. and not against the officer; and it necessarily follows, as counsel for appellant further contend, that the service of process must be on the corporation named by handing a copy thereof to some person authorized to represent it, and the return must show service against the corporation and not simply against its agent.

Now in the case at bar it should be perfectly clear that the service of process in this case did run against the Great Southern Life Insurance Company by name and not against Jodie I. Williams, the duly authorized agent. It is our contention that since process was served on the identical person who was the defendant's fully authorized agent, that it should be immaterial as to what the officer's return shows. We contend that the original return by the sheriff of Leake county was sufficient, and to sustain our contention we cite *Chicago Planing Mill Co.* v. *Merchants Nat'l Bank*, 86 Ill. 587.

II. If the original return was not sufficient, we contend that it was not error for the court to permit said return to be amended. It is a universal rule of law that a sheriff's return or any proceedings may be amended at any time before final judgment is rendered, provided there are no new issues brought before the court nor any new parties joined in the issue.

To sustain this contention, we cite *Howard* v. *Priestly*, 58 Miss. 21; and *A. & V. R. R. Co.* v. *Bolding*, 69 Miss. 255, in which the court held "that the granting of amendments was largely within the discretion of the court and should be exercised liberally for the promotion of justice, where no statute restricts and no willful default of duty has occurred." See also 108 Miss. 742, 27 So. 185.

Counsel for appellant contend that it was fatal error for the lower court to render a decree *pro confesso* because section 4094, Hemingway's Code (section 920, Code of 1906) was not complied with in that the home office never received a copy of the service of process: It is our contention that it was not necessary for the chancery clerk of Leake county to mail a copy of the summons to the home office and to support this we cite *Fidelity & Casualty Co.* v. *Cross*, 89 So. 780, 127 Miss. 31.

It is also our contention that Jodie I. Williams had the same authority to acknowledge process as the insurance commissioner in view of section 5069, Hemingway's Code,

clauses 3 and 4, giving the agent appointed by any insurance company the same authority to acknowledge process as the insurance commissioner or the company itself.

III.  It is further argued that section 4094, Hemingway's Code (section 920, Code of 1906) does not apply in the case at bar simply because the defendant, Great Southern Life Insurance Company, is an insurance company and is not classed with foreign corporations in general; because the subject-matter is elsewhere prescribed.  To sustain this contention, see *Nat'l Surety Co.* v. *Board of Supervisors of Holmes County*, 83 So. 8.  Section 4115, Hemingway's Code, is also applicable to the case at bar.

The court further held in *Fid. & Cas. Ins. Co.* v. *Cross*, 89 So. 780; and *Nat'l Surety Co.* v. *Board*, 83 So. 8, that section 5027, Hemingway's Code (section 2562, Code of 1906) defines insurance companies; and section 5069, clause 4, Hemingway's Code (section 2606, clause 4, Code of 1906) describes the agents or attorneys in fact for service of process; and the sole reason this court reversed and remanded this cause was simply because there was nothing in the record to show that service was had upon any person appointed and designated as such agent for the purpose of acknowledging process or as its duly authorized agent for any purpose.

Now in the case at bar, we call attention to the fact that the agent, Jodie I. Williams, upon whom process was actually served, was duly appointed by Great Southern Life Insurance Company as its attorney in fact for the purpose of acknowledging service of process for and in behalf of the company, and in the case at bar a certified copy of said appointment was introduced in evidence to show the court that the defendant had been duly and legally served with process exactly in the manner prescribed by section 2939, Hemingway's Code.

Counsel for appellant contend that the sheriff was not a party to the motion.  As a matter of fact, the sheriff,

J. D. Mills, and the deputy sheriff, J. W. Phillips, were both parties to the motion and actually took part and assisted counsel for appellee in said motion.

The court refused to sustain this motion until the said sheriff and deputy sheriff were both placed on the stand to show what was actually done. As to appellant not receiving notice of said motion, we think it is useless to argue in view of the fact that there is but one question in this case and that is whether or not there was a legal summons served on appellant.

Counsel for appellant contends that the amendment could only be made by the sheriff. We think it is useless to argue this point because it is a well-established principle of law that amendments may be allowed at any time, even after the death of the officers who served the process. To sustain this contention, we cite 108 Miss. 742, 67 So. 185.

The last contention of counsel for appellant is that the court had no jurisdiction to try the case at the March, 1926, term. We do not think it is necessary to dwell upon this point because it is a well established and universal principle of law that if a party is properly brought into court by legal service of process and amendments are made and no objections are made at the term of court, it will be taken that said amendments are taken as confessed and it is too late to object to said amendments at a subsequent time.

Appellant has had its day in court. It has had due process of law. This case should be affirmed.

*McMillon & Leach* and *Wells, Stevens & Jones*, in reply, for appellant.

We have no complaint to make with the law announced in *Lupkin & Sons* v. *Russell,* 108 Miss. 742, but the complaint we make here is that the motion to amend was sustained on purely an *ex parte* hearing and without notice of any kind or character to appellant. It cannot

be asserted that the party has had his day in court when a hearing was had without the pretense of notice to him.

Counsel undertake to obviate the error in process; to-wit, the failure of the clerk to mail a copy of the process to the home office of the company, by quoting *Fidelity & Casualty Co.* v. *Gross,* 89 So. 780; but in that case service was on the insurance commissioner and not upon a mere agent and that case is no authority here.

Under the decision of the court in *Insurance Co.* v. *Sayle,* 107 Miss. 169, and *Nat'l Surety Co.* v. *Board of Supervisors,* 120 Miss. 706, this court held that a default judgment against a foreign insurance company, even with service on its agent, was not valid where there was no proof of the appointment of the agent by the company as agent for process and that the court would not take judicial notice of the appointment.

The crux of the case, what was the state of the process on the return day of the writ, for whether the appellant was in default at the time judgment was taken, is to be tested by the state of the process on the return day.

On the return day there had not been filed in this case the certificate of the insurance commissioner showing the appointment of Williams as agent for appellant; therefore, the company was not in default when it failed to appear on the return day and not being in default on that day could not have been put in default at that term of court by any subsequent act of appellee in filing the certificate or by any subsequent order of court permitting an amending of the return on the process.

That the test of whether the defendant is in default is the *status* of the process on the return day is a necessary holding of the court in *Wellsford et al.* v. *Meyer-Kiser Corporation,* 104 So. 293, where the court in discussing the object of process quoted at length from *Howard Lbr. Co.* v. *Hopson,* 101 So. 363.

In the case at bar appellee instead of serving process on the insurance commissioner, as is usually done, elected to serve it on an ordinary agent, had no notice given

the home office of appellant and took this default judgment without the appellant even knowing that the suit had been filed. The appellant has a meritorious defense to the suit which it has been denied the right to set up by action of the court and of the appellee and we repeat that appellant has not had its day in court under any possible definition of the term.

Argued orally by *L. Barrett Jones* and *J. Morgan Stevens,* for appellant, and *H. C.* and *R. R. Barnett* for appellee.

Etheridge, J., delivered the opinion of the court.

The appellee filed a suit against the appellant, a nonresident insurance company, and had the process issued in the following form:

"State of Mississippi, to the Sheriff of the County of Leake in Said State:

"You are hereby commanded to summon the Great Southern Life Insurance Company of Houston, Tex., whose agent is Jodie I. Williams, of Leake county, Miss., if to be found in your county, to appear before the chancery court of the county of Leake in the state of Mississippi, at a term of said court to be held on the second Monday of March, A. D. 1926, at the courthouse, in the town of Carthage, Miss., on the first day of said term, then and there to plead, answer, or demur to the bill of J. N. Gomillion in the case of *J. N. Gomillion v. Great Southern Life Insurance Company,* to which it is defendant," etc.

The sheriff made the following return on said writ:

"I have this day executed the within writ personally by delivering a true copy of the same to the within named Jodie I. Williams, duly authorized agent of the within named defendant, Great Southern Life Insurance Company.

"This the 2d day of February, 1926.

"J. D. Mills, Sheriff,
"By J. W. Phillips, Deputy Sheriff."

During the following term the complainant moved to amend the above return so as to show that the summons was served on the Great Southern Life Insurance Company personally by delivering to Jodie I. Williams, its lawful agent, a true copy of the said writ. The clerk did not mail a copy of the summons to the home office of the Great Southern Life Insurance Company at Houston, Tex., and it is contended that that was necessary to constitute a valid service of process under section 920, Code of 1906 (section 4094, Hemingway's Code), which statute is under the chapter on Corporations. Said section provides for service of process upon any foreign corporation by serving same "upon any agent of said corporation found within the county where the suit is brought, no matter what character of agent such person may be; . . . but in order that defendant corporation may also have effectual notice, it shall be the duty of the clerk to immediately mail a copy of the process to the home office of the corporation by registered letter, the postage and fees of which shall be taxed as other costs. The clerk shall file with the papers in the cause a certificate of the fact of such mailing, and make a minute thereof upon the docket, and no judgment shall be taken in the case until thirty days after the date of such mailing." Section 937 of the Code of 1906 (section 4115, Hemingway's Code), provides:

"The provisions of this chapter, when no limited by their terms, shall apply to all corporations whatever, where the subject-matter is not elsewhere prescribed."

The appellee, the complainant below, contends that the subject-matter is elsewhere prescribed, in section 5069, Hemingway's Code (section 2606, Code of 1906), the fourth paragraph of which reads as follows:

"It shall appoint as its agent or agents in this state some resident or residents thereof other than the said commissioner, such appointment to be made in writing, signed by the president and secretary or manager or general agent, and filed in the office of the commissioner,

authorizing the agent to acknowledge service of process for and on behalf of the company, and consenting that service of process on the agent shall be as valid as if served upon the company, according to the laws of this state, and waiving all claim of error by reason of such service.''

This last section is under the chapter on Insurance, the first and second paragraphs of which prescribe the condition under which insurance and other similar companies mentioned in the chapter, may be admitted and authorized to do business in this state. The third paragraph of this section provides that the service of process may be executed upon the insurance commissioner, and requires the company to file an agreement that it may be so served, and that any process which is so served shall be of the same force and validity as if served on the company, and the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state.

It is contended by the appellant that the case of *Eminent Household of Columbian Woodmen* v. *Lundy,* 110 Miss. 881, 71 So. 16, is authority for the position that the clerk must mail a copy of the summons to the home office of the nonresident corporation to constitute a valid process. The opinion in that case does not disclose the reasoning by which the court reached its decision that there was no legal service on the defendant. In that case Lundy filed suit against the Columbian Woodmen, a fraternal insurance order, and the return showed that it was executed by ''delivering to J. F. Guthrie, consul commander, and to Melton Lundy, agents and representatives of defendant, whose place of business is in Neshoba county, Miss., district No. 1 thereof, a true copy of this writ.'' That case does not disclose that Guthrie or Lundy, the agents, had been appointed under section 5069, Hemingway's Code, as agents to receive process. So far as the opinion of the court shows, it may have been the fail-

ure to comply with the requirements of this section that caused the decision of the court.

In the case of *National Surety Co. v. Board of Supervisors of Holmes County,* 120 Miss. 706, 83 So. 8, second syllabus, it was held that—"The return of service upon a summons in a suit by a county against a foreign surety company guaranteeing by its bond performance of a road building contract of 'executed personally by delivering to Edgar Mayfield, agent of and for defendant, etc.,' was an insufficient showing of service of process to support a decree *pro confesso,* in view of Code 1906, section 937 (Hemingway's Code, section 4115), making section 920, Code 1906 (Hemingway's Code, section 4094), as to service upon foreign corporations in general, inapplicable where the subject-matter is elsewhere prescribed, and section 2562, Code of 1906 (Hemingway's Code, section 5027), defining insurance companies, and section 2606, clause 4, Code 1906 (Hemingway's Code, section 5069), as to agents of foreign insurance companies for service of process; since there was nothing in such return to show that service was had upon any person appointed and designated as such agent, nor that any such person was appointed by defendant."

And that—"Courts cannot take judicial notice that the agent of a foreign insurance company upon whom process is served is the agent appointed by the company to receive and acknowledge service of process, but proof must be made that such appointment was made and that the process was served upon this identical agent."

Such proof was made in the present case during the term of court at which the judgment was rendered, but subsequent to the return day. In the present case it therefore appears that the person upon whom process was actually served was the identical person whom the company had appointed under section 5069, Hemingway's Code (section 2606, Code of 1906). It is insisted, though, that the return did not show it on the return day, and it could not be subsequently made without notice, and

that no notice was given the company of the proposed amendment. On motion to amend, the sheriff and his deputy testified as to exactly what was done before the court would allow the amendment.

We think the amendment could be made to show the real facts, and that there was no error in permitting the amendment to be made during the term. The service of process upon the agent was sufficient to bring the company into court, and, being in court, it was unnecessary to give it notice of any amendment of the return. See *Lupkin & Sons* v. *Russell,* 108 Miss. 742, 67 So. 185, and cases cited therein. See, also, *Howard et al.* v. *Priestly, Sheriff,* 58 Miss. 21; *Railway Co.* v. *Bolding,* 69 Miss. 255, 13 So. 844.

In the case of *Fidelity & Casualty Co.* v. *Cross,* 127 Miss. 31, 89 So. 780, process was served upon the insurance company under the third paragraph of section 5069, Hemingway's Code (section 2606, Code of 1906), and it was contended that the insurance commissioner had failed to mail a copy of the process to the home office of the company, and that such was necessary under section 920 of the Code of 1906; that a default judgment in such case could not be upheld, where the company did not have actual notice of the pendency of such suit. We held that process was controlled by section 5069, Hemingway's Code (section 2606, Code of 1906), and that section 920, Code of 1906 (Hemingway's Code, section 4094), was not applicable, because the chapter on Insurance provides for the service of process in such case, and that by reason of section 937, Code of 1906 (section 4115, Hemingway's Code), the matter was prescribed elsewhere, within the meaning of said section.

There is abundant reason for holding that section 5069, Hemingway's Code (section 2606, Code of 1906), is exclusive, where service is had upon the company by delivering to either of the agents provided for in said section; that under the terms of the statute and the power of attorney in the record, in conformity thereto, in the

present case, the company cannot complain that its agent did not give it notice of such service upon him. The statute provides, and so does the power of attorney, that service of process on the agent shall be as valid as service upon the company, according to the laws of this state. Of course, it may be that if a company has not complied with the law of the state, but is doing business in the state, in violation of the statute, or in default in compliance with its terms, it could be served under section 920, Code of 1906 (section 4094, Hemingway's Code), in which case it would be necessary to comply with that section.

The judgment of the lower court is affirmed.

*Affirmed.*