JOHN H. GUILFOIL

*v.*

P. M. ARTHUR *et al.*

*Filed at Springfield November 1, 1895.*

1. UNINCORPORATED SOCIETIES—*in what manner they may sue.* Where the members of an unincorporated society are numerous, action may be brought for it in the names of a portion of the members, in behalf of themselves and all others, or in the name of a committee appointed by the society for that purpose.

2. SAME—*committee may maintain bill to enforce a trust for the society.* A committee, appointed for that purpose by an unincorporated society, may maintain a bill in equity in behalf of the society to enforce a trust in lands and to remove the trustee who has repudiated the trust, where such trustee took the lands in trust for the benefit of the widows and orphans of deceased members of the society, under such regulations as the society should provide, with power to the society to sell the property for the uses specified.

3. TRUSTS—*not permitted to fail for uncertainty of beneficiaries.* A deed of property "in trust for the widows and home and school for orphans of deceased members of the Brotherhood of Locomotive Engineers," to be held "under such rules and regulations as shall be provided by the brotherhood," is not so uncertain that equity will not enforce it, as the beneficiaries of the trust can be made certain by the trustee and the brotherhood.

4. SAME—*lands drawn in lottery may be deeded in trust.* The fact that lands deeded in trust had been drawn by the grantor in a lottery is not available to the trustee as a defense under a bill to enforce the trust which he had repudiated.

5. ESTOPPEL—*trustee estopped to claim adversely to his title.* A trustee who enters into possession of lands under a trust deed is estopped to claim adversely to the title under which he enters.

6. CONTRACTS—*effect of previous unlawful transactions respecting the subject matter.* A new contract, founded on a new consideration, although in relation to property respecting which there had been unlawful transactions between the parties, is not itself unlawful.

APPEAL from the Circuit Court of Coles county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

This was a bill in equity, brought by P. M. Arthur and others, grand officers of the Grand International Brotherhood of Locomotive Engineers, against John H. Guilfoil. It is alleged, in substance, in the bill, among other things, that certain real estate in Coles county, Illinois, was conveyed by deed, on August 2, 1886, by Mary J. Mitten to John H. Guilfoil, in trust for the widows and orphans of deceased members of the Brotherhood of Locomotive Engineers, and under such rules and regulations as shall be provided by the brotherhood; that the rental value of said property is $1000 per year over and above taxes, repairs, etc.; that John H. Guilfoil entered into the possession of said property immediately after such conveyance, with his family; that he has received the uses, rents and profits thereof and converted them to his own use; that he refuses to account to the officers of said brotherhood for such rents, or any part thereof; that Guilfoil, as such trustee, has mismanaged said estate, is committing waste thereon, and that he is insolvent, and prays that he may be removed as such trustee; that a trustee be appointed by the court to take charge of said property; that an account be taken of the rents and profits received by Guilfoil from said estate, and a decree therefor, etc.

The defendant put in an answer to the bill, in which he denies any such organization as that of the Grand International Brotherhood of Locomotive Engineers; denies that orators hold positions in such organization, as alleged; denies that he was bound by the by-laws and constitution of such organization, or that any such organ-

ization existed; admits possession of said property, but denies that he holds such possession as trustee for such organization; admits that Mary J. Mitten conveyed said property to him, August 2, 1886, but denies that orators have any interest in said premises conveyed, in any manner, by virtue of said conveyance, and denies that he has any personal property, etc.; denies that such organization accepted said property; denies that he has received property and money, as alleged; denies the power of such organization to affect said property, or his interest, by resolution, etc. It is also set up in the answer that the property originally belonged to one Nixon; that he and others formed a lottery scheme; that the farm was put in to be drawn; that Mary J. Mitten drew the farm and conveyed it to defendant.

On the hearing the court found the allegations of the bill true that said Grand International Brotherhood of Locomotive Engineers is an organized body, with constitution and by-laws, etc. A decree was rendered removing Guilfoil as trustee and appointing William Burgess trustee of said property, etc., for the uses and purposes, etc., with bond at $20,000; orders and adjudges that said Guilfoil pay to said Burgess, as trustee, $3652, as found by the court to be due from him; that said Guilfoil deliver up possession of said premises to said Burgess, and that said Guilfoil, within twenty days, execute and deliver to said Burgess a proper and sufficient conveyance of said premises, and in default thereof that the master make such deed; that in default of the payment of said $3652 by said Guilfoil, said Burgess proceed to collect the same, etc.; that upon receiving possession of said property said Burgess proceed to advertise and sell the same at public sale, and bring the proceeds into court.

A. J. FRYER, and J. W. CRAIG, for appellant.

HORACE S. CLARK, and L. C. HENLEY, for appellees.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

There is no substantial controversy in regard to the facts in this case. On the second day of August, 1886, Mary J. Mitten, who held the legal title to certain lands in Coles county, executed and delivered to the defendant, John H. Guilfoil, a deed conveying the lands to him in trust. The deed was as follows:

"*This indenture witnesseth,* that Mary J. Mitten, a widow, of Marion county and State of Indiana, conveys to John H. Guilfoil, as trustee, in trust for the widows and home and school for orphans of deceased members of the Brotherhood of Locomotive Engineers, as hereinafter provided, for the sum of $12,000, the following real estate in Coles county, in the State of Illinois, to-wit: Northwest quarter of section twelve (12), town twelve (12), range seven (7), east of the third principal meridian; also all that part of the north half of the north-east quarter of section twelve (12) which lies west of the right of way of Illinois Central railroad; also that part of the south-west of the south-east quarter of the said section twelve (12) which lies west of the right of way of said railroad; also all that part of the south-east quarter of section one (1), town twelve (12), range seven (7), which lies west of the said right of way of said railroad, subject to tax and assessment of A. D. 1886. Said Guilfoil to hold said property, under such rules and regulations, for said widows and orphans of the members of the Brotherhood of Locomotive Engineers, under such rules and regulations as shall be provided by the brotherhood, provided that the brotherhood may use the property or dispose of it for any charitable purpose for the use of said widows and orphans, and provided Guilfoil shall, so long as he acts as trustee, receive any reasonable pay as such trustee.

"In witness whereof the said Mary J. Mitten hereby waives homestead interest in the same, has hereto set her hand and seal this second day of August, 1886."

Guilfoil entered into possession of the lands conveyed under the deed. He has received the rents and profits ever since, but has failed to account for the rents, and has suffered the property to run down. The Brotherhood of Locomotive Engineers, by resolutions duly adopted, accepted the conveyance for the uses and purposes named in the deed, but Guilfoil has absolutely refused to hold and manage the property as contemplated by the deed or as required by the rules and regulations adopted by the brotherhood. Indeed, he has ignored the trust, and holds the property in defiance of the terms and conditions of the deed upon which he received it. Under such circumstances, was the decree removing Guilfoil as trustee authorized, or was it erroneous?

Where lands are conveyed in trust, and the trustee enters into possession of the property under the deed, it is a plain proposition that he is bound to observe the terms and conditions of the instrument under which he receives a conveyance of the property, and if he fails to discharge his duty as trustee, and attempts to divert the property to a use not contemplated by the deed, or to appropriate it to his own use, a court of equity will remove him and appoint a trustee who will carry out the trust as contemplated by the instrument under which it was created. This rule is so familiar and so well understood that it will not be necessary to cite authority to sustain it.

But it is said in argument that the brotherhood is not a corporate body, and cannot sue or be sued, and having no power to sue or be sued it cannot authorize any of its members or officers to bring this action, and hence the bill cannot be maintained by complainants. The brotherhood is an organized body, with a constitution and by-laws, but was never incorporated. At common law a voluntary association not incorporated cannot sue or be sued. But this action was not brought in the name of a voluntary association, and the rule excluding such asso-

ciations from suing or being sued has no application in this case. It is a general rule, and one well understood, that all persons interested in the subject matter of the litigation should be made parties complainant or defendant. But there are exceptions to this general rule. In section 97 of Story's Equity Pleading, in speaking on this subject, the author says: "The most usual cases assigning themselves under this head of exceptions are, (1) where the question is one of a common or general interest, and one or more may sue or defend for the benefit of the whole; (2) where the parties form a voluntary association for public or private purposes, and those who sue or defend may fairly be presumed to represent the rights and interests of the whole; (3) where the parties are very numerous, * * * and it is impracticable to bring them all before the court." In section 107, in the discussion of the second class of cases, where the persons in interest are numerous, it is said: "As there is privity of interest the court will allow a bill to be brought by some of the parties in behalf of themselves and of all the others, taking care that there shall be due representation of all substantial interest before the court." In *Beatty* v. *Kuntz*, 2 Pet. 584, where a bill was brought by and in the name of a committee of a voluntary society, regularly appointed for the purpose of protecting certain property, it was held that complainants were entitled to maintain the bill. It is there said: "If they (the complainants) are proved to be the regularly appointed committee of a voluntary society of Lutherans in actual possession of the premises, and acting by their direction to prevent a disturbance of that possession, under circumstances like those stated in the bill we do not see any serious objection to their right to maintain the suit." See, also, *Mears* v. *Moulton,* 30 Md. 145; *Phillips* v. *Jones,* 20 Pa. St. 263; 2 Beach on Private Corp. secs. 901, 902; *Birmingham* v. *Gallager,* 112 Mass. 190; *Lloyd* v. *Loring,* 6 Ves. 773.

Here, as has been seen, the real estate was conveyed in trust for the widows and orphans of deceased members of the Brotherhood of Locomotive Engineers, with power conferred on the brotherhood to dispose of the property for the uses and purposes specified. The organization appointed a committee to look after the property, with authority to employ counsel, and sell the lands, etc. This committee instituted suit in the name of the complainants, officers of the Brotherhood of Locomotive Engineers, to enforce the trust, and the action of the committee having been reported to the association, the institution of the suit in the names of the complainants was ratified and confirmed. It thus appears that the action was brought in the names of the complainants for and in behalf of the members of the organization, the Brotherhood of Locomotive Engineers. From the allegations of the bill, and from the evidence introduced in its support, it is plain that the complainants are not suing in their own interest, but, on the other hand, the sole object of the bill is to enforce the trust and save the property involved for the members of the brotherhood. The bill might have been brought in the names of all the members of the Brotherhood of Locomotive Engineers, as persons jointly interested in the property; but where the members of an unincorporated association are numerous, as is the case here, the action may be brought in the names of a portion of the members, who sue for themselves and in behalf of all the other members, or, as was done in *Beatty* v. *Kuntz, supra*, the action may be maintained in the name of a committee of persons regularly appointed by the organization. The allegations of the bill are not as specific and definite in regard to the capacity in which the complainants sue, if tested by a technical rule, as they should be; but when all the allegations of the bill and amended bill are considered, we think the capacity in which the complainants sue sufficiently appears.

It is next claimed that the trust is too vague and uncertain to be enforced. In Perry on Trusts it is said: "It is immaterial how uncertain, indefinite and vague the *cestuis que trust* or final beneficiaries of a charitable trust are, provided there is a legal mode of rendering them certain by means of trustees appointed or to be appointed." Here, we apprehend that the trustee named in the deed, and the brotherhood, under the authority conferred by the deed, could determine with certainty the persons entitled to share in the proceeds of the property conveyed. Indeed, the provision in the deed objected to is not as objectionable as the one sustained by this court in *Preachers' Aid Society* v. *England*, 106 Ill. 125.

It is next claimed that a court of equity will not grant the relief claimed, on the ground that the property was drawn in a lottery, which was illegal and contrary to law. The fact that this property may have been disposed of in a lottery before it was conveyed by Mary J. Mitten to John H. Guilfoil, on August 2, 1886, in trust, does not affect the deed or the rights created by that instrument. How or of whom Mary J. Mitten acquired the title to that property is a matter that does not enter into this controversy. She having conveyed to Guilfoil in trust, he is estopped, after having accepted the deed and assumed the trust, by the recitals in the deed of conveyance to him, and whatever rights legitimately arise upon the facts admitted by these recitals may be asserted. (*Byrne* v. *Morehouse*, 22 Ill. 602; *Pinckard* v. *Milmine*, 76 id. 453; *Orthwein* v. *Thomas*, 127 id. 554.) It is a familiar rule of law that a trustee who enters into possession of lands can not claim adversely to the title under which he enters, and that the principle of estoppel applies to the relation between trustee and *cestui que trust*, and prevents the former from repudiating the contract by virtue of which he is in possession. (*O'Halloran* v. *Fitzgerald*, 71 Ill. 53; *Willison* v. *Watkins*, 3 Pet. 43.) The appellant, Guilfoil, accepted the deed of trust and

entered into the possession of the property under it, and by these acts he is estopped from denying its validity. (*Albretch* v. *Wolf*, 58 Ill. 186.) By accepting its provisions, and occupying the land under it, Guilfoil has no right, when called upon to account, to go behind the deed and call upon the court to inquire whether his grantor's hands are clean or not. That is a matter in which he is in no way concerned. If Mrs. Mitten had acquired the land in bad faith or illegally, and the brotherhood had aided her in thus obtaining the land, it would have been the duty of appellant to object when the trust was offered to him. He had no right to remain silent then, and when called upon to account, attempt to hold the lands himself, and call in question the prior acts of his grantor or the person or persons for whose use the property was conveyed. If a plaintiff needs the aid of his illegal transaction, in any respect, to support his case, he can not be heard. But here, the case of the complainants is in no way dependent upon the original unlawful transaction in regard to the lottery, but is wholly based upon the trust created by the deed from Mary J. Mitten to Guilfoil. A new contract, founded on a new consideration, although in relation to property respecting which there had been unlawful transactions between the parties, is not itself unlawful. *Armstrong* v. *Toler*, 11 Wheat. 258.

In our opinion, the decree for $3652 for the use and profits of the land is amply sustained by the testimony of William Bird, M. C. Nixon and Lewis L. Lehman, and the other evidence in the record,—and this without taking into account the use, rents or profits prior to the filing of the bill of complaint, on March 13, 1890.

The decree of the circuit court will be affirmed.

*Decree affirmed.*