EMINENT HOUSEHOLD OF COLUMBIAN v. LUNDY.

[71 South. 16.]

CORPORATIONS. *Notice to corporation. Sufficiency of compliance.*

Under Code 1906, section 920, providing that process may be served on the agent of a foreign corporation within the county where suit is brought, regardless of the character of the agency, but requiring that the clerk, when return of the services is made, shall mail a copy of the process to the home office of the corporation by registered letter and file a certificate of such mailing, in the absence of which no judgment shall be valid, where summons was issued under the statute, but the clerk failed to mail the notice as required, a judgment by default against such corporation was erroneous there being no valid notice.

APPEAL from the circuit court of Neshoba county.

HON. C. L. DOBBS, Judge.

Suit by Slocum Lundy against the Eminent Household of Columbian Woodmen. Default judgment for plaintiff and defendant brought *certiorari* to circuit court wherein judgment was rendered for plaintiff and defendant appeals.

On April 20, 1912, appellee brought suit in the court of a justice of the peace of Neshoba county against appellant for the sum of one hundred dollars. A summons was issued directed to appellee, and on April 24th the constable made the following return:

"I have this day executed the within writ by delivering to J. F. Guthrie, consul commander, and to Melton Lundy, agents and representatives of defendant, whose place of business is in Neshoba county, Miss., district No. 1 thereof, a true copy of this writ."

On May 1st, the return day of the court, a judgment by default was rendered against appellant. No notice was given appellant by the justice of the peace, and no copy of the summons mailed to him as directed by section 920 of the Code of 1906.

After the time for an appeal to the circuit court had elapsed appellant learned of this judgment, and filed its

petition in the circuit court asking for a writ of *certiorari.*
The record was brought up, and on the hearing before
the court, a jury being waived, a judgment was rendered
against the appellant, from which an appeal is taken.

Section 920 of the Code is as follows:

"920. Process may be Served upon Agent.—Process
may be served upon an agent of said corporation found
within the county where the suit is brought, no matter
what character of agent such person may be; and in the
absence of an agent, it shall be sufficient to serve the
process upon any person, if found within the county
where the suit is brought, who represented the corpora-
tion at the time of the transaction out of which the suit
arises took place, or if the agency through which the
transaction was had be itself a corporation, then upon
any agent of that corporation upon whom process might
have been served if it were the defendant. The officer
serving the process shall state the facts, upon whom is-
sued, etc., in his return, and service of process so made
shall be as effectual as if a corporation of this state were
sued, and the process has been served as required by law;
but in order that defendant corporation may also have
effectual notice, it shall be the duty of the clerk to immed-
iately mail a copy of the process to the home office of the
corporation by registered letter, the postage and fees
of which shall be taxed as other costs. The clerk shall
file with the papers in the cause a certificate of the fact
of such mailing, and make a minute thereof upon the doc-
ket, and no judgment shall be taken in the case until thir-
ty days after the date of such mailing.

*Huddleston & McKisson, H. L. Austin* and *J. W. Ward,*
for appellant.

HOLDEN, J., delivered the opinion of the court.

The judgment of the justice's court was erroneous on
account of no legal service on the defendant.

*Reversed and remanded.*