## CHRISTIAN v. INTERNATIONAL ASS'N OF MACHINISTS et al.

(District Court, E. D. Kentucky. April 1, 1925.)

No. 3427.

**1. Trade unions ⊕9—Service of process on local chairman and member of international union held insufficient to give court jurisdiction.**

Service of process on local chairman and member of an international union *held* insufficient to give court jurisdiction in action for damages under Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830); neither member nor chairman being representative of the international union for service of process.

**2. Trade unions ⊕9—Unions cannot be brought before court save by service of process on a direct representative.**

Unions, international and local, artificial units and entities, and suable as such, cannot be brought before court save by service of process on a direct representative, where relation thereto is such that it is reasonable to infer that service of such process on him will be brought home to union which he represents.

**3. Trade unions ⊕9—Service of process on president of subordinate labor federation held insufficient to confer jurisdiction on principal federation.**

Service of process on president of subordinate labor federation *held* insufficient, in action for damages under Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830), to confer jurisdiction on principal federation, where it was not claimed that he was its agent on any other ground than that he was president of subordinate federation.

**4. Trade unions ⊕9—Service of process on president of labor federation held sufficient to give court jurisdiction of federation.**

Service of process on president of labor federation in action for damages under Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830) *held* sufficient to give court jurisdiction of federation, if it was suable in the district as an entity or unit.

**5. Process ⊕158—Question whether petition states cause of action does not arise on motion to quash service of process.**

On motion to quash service of process, question whether petition states a cause of action against defendant does not arise.

**6. Courts ⊕289—Jurisdiction in action to recover damages for violation of Anti-Trust Act not based on diversity of citizenship.**

In action for damages under Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830), jurisdiction is not based on diversity of citizenship, but on the fact that action arises under a law of the United States.

**7. Trade unions ⊕9—Suit for violation of Anti-Trust Act against labor unions held properly brought in district where wrong complained of was committed.**

In action under Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830) to re-

7 F.(2d)—31

cover damages against labor unions, suit *held* properly brought in district where wrong complained of was committed.

Action by Charles Christian against the International Association of Machinists and others. On motion to quash service of process. Motion sustained in part, and denied in part.

Omer C. Stubbs and S. D. Rouse, both of Covington, Ky., for plaintiff.

Myers & Howard, of Covington, Ky., and Mulholland & Hartmann, of Toledo, Ohio, for defendants.

ANDREW M. J. COCHRAN, Circuit Judge. This cause is before me on motions to quash service of process. It is an action to recover damages under the Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830). There are eight defendants. Each of the defendants is an international labor union, except the System Federation No. 41 of the Railway Employees' Department, American Federation of Labor, Chesapeake & Ohio Lines, which is a subordinate of the defendant Railway Employees' Department of the American Federation of Labor, and confined to the lines of the Chesapeake & Ohio Railway Company. The plaintiff was a passenger car foreman in the employ of that company in the summer of 1922, and the allegation is that he lost that position by reason of a conspiracy in restraint of interstate trade and commerce, involving a strike to which all of the defendants, at least all except the defendant System Federation No. 41, were parties. It is to recover the damages thereby sustained that this action is brought.

The suability of the defendants is settled by the decision of the Supreme Court of the United States in the case of United Mine Workers of America v. Coronado Coal Co., 259 U. S. 344, 42 S. Ct. 570, 66 L. Ed. 975, 27 A. L. R. 762. The question here is as to whether the defendants are before the court by proper service of process. According to the return of the marshal on the summons, service was had on each of the defendants, except the Railway Employees' Department and the System Federation No. 41, by delivering a copy thereof to a certain individual described as "its local chairman and a member"; on the Railway Employees' Department on a certain individual described as "its agent"; and on the System Federation No. 41 on the individual last referred to, described as its president. By the words "its local chairman" was meant chairman of a

local union in Kenton county, in this district. It is claimed on behalf of defendants that these individuals, described as members, were really not members of the International Union. They were members only of the local union; the membership of the International Union being made up of its local unions. But I will dispose of the motions on the basis that the members of the local unions are also in fact members of the International Union.

[1] It seems to me clear that the motions of these six defendants will have to be sustained. An individual member of an international union, assuming that individuals are members thereof, is not a representative of such union. He is no more its representative than a stockholder in a corporation is a representative thereof. As a corporation cannot be brought before the court by service of process on one of its stockholders, so a labor union, international or local, cannot be brought before the court by service of process on one of its individual members. An individual member of a union, international or local, cannot be subjected to a personal judgment by service of process on another such individual. A statute providing that he could would be unconstitutional. Flexner v. Farson, 248 U. S. 289, 39 S. Ct. 97, 63 L. Ed. 250. It would seem to be equally true that the suable entity, consisting of himself and the other members of the union, cannot be subjected thereto upon such service of process.

So, also, it must be held that the chairman or any other officer of a local union is not a representative of the International Union for service of process. There is no more reason for holding that he is than that a mere member of such union is. As to some of the defendants the individual on whom process was served sustained no official relation to a local union. It would have made no difference if he did. The following decisions relied on by defendants are more or less in point: Simpson v. Brotherhood of Locomotive Engineers, 83 W. Va. 355, 98 S. E. 580; State ex rel. Estes v. Staed, 64 Mo. App. 28; Baskins v. United Mine Workers of America, 150 Ark. 398, 234 S. W. 464; Brotherhood of Locomotive Engineers v. Green, 206 Ala. 196, 89 So. 435. It should be noted that in the Coronado Case the Supreme Court, through Chief Justice Taft, said: "For these reasons, we conclude that the International Union, the District No. 21, and the 27 local unions were properly made parties defendant here, and properly served by process on their principal officers."

[2] I have considered carefully the constitution and by-laws of the different International Unions made defendants herein, which have been introduced in evidence, and I find nothing in them that justifies the position that any individual member of any of these unions, if there be such, or of a local union, or an officer or agent of a local union, represents the International Union to the extent that service of process on him will bring it before the court. It is not to be blinked at that these unions, international and local, artificial units and entities, and suable as such, cannot be brought before the court, save by service of process on a direct representative, whose relation thereto is such that it is reasonable to infer that the service of such process on him will be brought home to the union which he represents. They are entities, distinct and separate from their membership and subordinates, as much so as a corporation is an entity distinct from its stockholders or subordinate organizations.

Of course, it is possible, where an association consists of supreme and inferior bodies, for the inferior body or an officer or member of it to be an agent for the supreme body in a certain particular, if the constitution so provides, or the supreme body may in some contingency make it or him its agent in a particular transaction, in which case the supreme body will be affected by its or his action within the scope of the agency. Authorities to this effect are cited and relied on by plaintiff, to wit: Evenson v. Spaulding, 150 F. 517, 82 C. C. A. 263, 9 L. R. A. (N. S.) 904; Thompson v. Supreme Tent, 189 N. Y. 294, 82 N. E. 141, 13 L. R. A. (N. S.) 314, 121 Am. St. Rep. 879, 12 Ann. Cas. 552; Supreme Lodge, K. of P., v. Withers, 177 U. S. 260, 20 S. Ct. 611, 44 L. Ed. 762; Mitchell v. Leech, 69 S. C. 413, 48 S. E. 290, 66 L. R. A. 723, 104 Am. St. Rep. 811; 7 Corp. Juris, p. 1111. But it does not follow from this that it or he is a representative of the supreme body for service of process.

[3] The motions, therefore, as to these six defendants, will have to be sustained. In the case of the defendant Railway Employees' Department of the American Federation of Labor, the individual of whom service of process has been had as its agent is the president of its subordinate, the System Federation No. 41. I do not understand that it is claimed that he is its agent on any other ground than that he is such president. Such being the case, the motion as to it will have to be sustained.

[4, 5] In the case of the defendant System Federation No. 41, service of process has

been had on its president. This is sufficient to bring it before the court, if it is suable in this district as an entity or unit. An attempt is made to distinguish this organization from the others, and to take it out of the decision in the Coronado Case; but I am unable to follow the argument. It must be held, therefore, that it is properly before the court. It is questionable whether a cause of action is stated against it in the petition, but this does not come up on the motion to quash. The motion to quash as to this defendant is overruled.

[6, 7] It is to be noted that no question as to essential jurisdiction is involved in this case. Jurisdiction is not based on diversity of citizenship. If it were, the decision in the case of Russell v. Central Labor Union (D. C.) 1 F.(2d) 412, would apply. It is based on the fact that the action arises under a law of the United States. As to venue, in view of the fact that the wrong complained of was committed in this district, it would seem that the suit has been brought in the proper district. Farmers' & Merchants' Bank v. Federal Reserve Bank (D. C.) 286 F. 566.

The sole trouble in plaintiff's case is that, save as to the defendant System Federation No. 41, jurisdiction of the persons of the defendants has not been obtained.

Orders will be ordered in accordance herewith.