16520.    GRAND LODGE KNIGHTS OF PYTHIAS *v.* MASSEY.

STEPHENS, J. 1. Where the defendant is described in a petition as "the Grand Lodge, Knights of Pythias of Georgia, under the jurisdiction of the Supreme Lodge Knights of Pythias of N. A., S. A., E., A., A., and A.," a process attached which is directed to "the defendant, Grand Lodge of Knights Pythias of Georgia," is directed to the defendant named in the petition and is not void as being directed to a different person. If the process is defective, it is not for this reason invalid, as such defect is curable by amendment. Civil Code (1910), § 5709; *Baldwin, Starr & Co.* v. *McMichael,* 68 *Ga.* 828; *Smith* v. *Morris,* 29 *Ga.* 339; *Scudder* v. *Massengill,* 88 *Ga.* 245. (14 S. E. 571).

2. A return of service of a petition and process made by a sheriff which recites that he has served the defendant, a corporation, by personally serving a named person, imports a legal service upon the corporation, as required under section 2258 of the Civil Code (1910), and therefore that the person served was a person, as an agent or officer of the corporation, upon whom legal service could be perfected. *Williams* v. *Atlanta National Bank,* 31 *Ga. App.* 212 (4) (120 S. E. 658), and cases

Beneficial Associations, 7 C. J. p. 1128, n. 77 New.
Corporations, 14a C. J. p. 809, n. 28; p. 812, n. 72 New.
Process, 32 Cyc. p. 434, n. 25; p. 525, n. 28; p. 532, n. 84.

there cited. This is true although the return of service does not affirmatively recite that the person served was an officer or agent of the corporation. An affidavit of illegality, attacking the service upon the ground that the individual served was not an officer or agent of the defendant corporation, is insufficient in the absence of a traverse of the officer's return.

3. A subordinate lodge of a fraternal organization is capable of being the agent of the grand lodge of the organization; and, where such is the case, service upon the grand lodge may be perfected by serving the subordinate lodge through one of the officers of the subordinate lodge. *Springfield Fire Ins. Co.* v. *Price*, 132 *Ga.* 687 (2) (64 S. E. 1074); *National Council, Junior Order* v. *Evans*, 34 *Ga. App.* 701 (131 S. E. 121).

4. Where the return of service upon a petition and process made by a sheriff recites he has served "the defendant by personally serving McGhee Williams, chief executive officer of a local lodge, to wit: Ella James Lodge No. 9 of the Knights of Pythias of North America, a subordinate lodge of the defendant, with a copy of the within petition and process of date of March 11th, 1922," an affidavit of illegality, attacking such service upon the ground that the individual served was not in fact at the time of service an agent or officer of the defendant corporation, is, where no traverse of the return of service is filed, insufficient as against a demurrer.

5. The affidavit of illegality may, however, in the absence of a traverse of the return of service, go behind the judgment and return of service and show a want of jurisdiction in the court to render the judgment upon which the execution issued. *McKnight* v. *Wilson*, 158 *Ga.* 153 (122 S. E. 702); *Perry* v. *Tumlin*, 161 *Ga.* 392 (131 S. E. 70); *Maund* v. *Keating*, 55 *Ga.* 396. A meritorious ground alleging want of jurisdiction is set out in the affidavit of illegality, where it is alleged that at the date of filing the suit the defendant was a corporation chartered by the authority of the State of Georgia, with its principal place of business in another county, and had no office, agent, or place of business in the county in which the suit was filed, that the person served with the petition and process was not at the time an agent of the defendant, and that the defendant was in default, had never pleaded to the suit and had never appeared to defend the suit, and had never authorized anyone to plead or appear for it.

6. The affidavit of illegality, in so far as it alleges matter in defense to the plaintiff's case as made in the petition, sets out no ground of illegality.

7. Under the ruling made in paragraph 5 above, the court erred in sustaining the demurrer to the affidavit of illegality.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 26, 1926.

Affidavit of illegality; from city court of Dawson—Judge Edwards. April 13, 1925.

*R. D. Feagin,* for plaintiff in error.

*H. A. Wilkinson,* contra.