## Brotherhood of Railroad Trainmen *v.* Agnew.

(Division B.  May 28, 1934.  Suggestion of Error Overruled Sept. 11, 1934.)

[155 So. 205.  No. 31300.]

See, also, 155 So. 204.

**Alexander, Alexander & Satterfield,** of Jackson, for appellant.

Lotterhos & Travis, of Jackson, for appellee.

608

**Griffith, J.,** delivered the opinion of the court.

Appellee, being the holder of a pension certificate in appellant association, and upon which payment had been refused, sued the association in the circuit court of Hinds county. The association, an unincorporated fraternal society, had failed to comply with section 5246, Code 1930, which required it to appoint an attorney in this state upon whom process could be served, and summons

was served upon one J. E. Pierce, who was shown by an exhibit to the declaration to be the secretary of the subordinate lodge of the association in said county. The association did not appear to defend and a default judgment for the full amount sued for was taken at the return term.

The judgment by default recited as follows:

"This cause coming on for trial on this day and the plaintiff having introduced testimony proving to the satisfaction of the court that the defendant, Brotherhood of Railroad Trainmen, is an unincorporated voluntary association, organized for the mutual benefit of its members and having a lodge system and representative form of government consisting of a grand lodge and subordinate lodges, and that it makes provisions for the payment of benefits to its members and is in all respects a fraternal society under the terms and provisions of article 14 of chapter 127, Mississippi Code of 1930 (section 5231 et seq.); and that said defendant, Brotherhood of Railroad Trainmen transacts business in the state of Mississippi, but has not, as required by statute appointed the superintendent of insurance as its true and lawful attorney upon whom process may be served, and that J. E. Pierce, upon whom process was served, is and was at the time of the service of said process an agent of said defendant engaged in collecting dues from the members thereof in the state of Mississippi, and particularly Jackson, Mississippi; and it further appearing to the satisfaction of the court from the evidence that the said J. E. Pierce is the proper party upon whom process should be served in order to bring said defendant into court, and it appearing that the said defendant was duly summoned in accordance with law more than thirty days prior to this term of court by service of process upon said J. E. Pierce as agent for the said defendant, and that the said defendant has wholly made default herein; and it appearing to the court that the plaintiff is therefore en-

titled to judgment against the said defendant for the full amount sued for in the declaration.

"It is therefore ordered and adjudged that the plaintiff, W. C. Agnew, do have and recover of and from the said defendant, Brotherhood of Railroad Trainmen, the full sum of twelve hundred ninety-five dollars ($1,295), being accrued pension payments at thirty-five dollars per month from August 1, 1930, to September 1, 1933, and further, that the said plaintiff do have and recover of said defendants all costs herein, for all of which let execution issue."

Appellant, at a subsequent term, moved to vacate the judgment for an asserted want of valid service of process and contends that it was not competent for the court to hear any evidence, on the request for a judgment by default, in respect to the validity of the service of process; that the court is confined strictly to the averments of the declaration and to the return by the sheriff, so far as that inquiry is concerned, and that everything recited in the above-quoted judgment on the subject of process is of no effect, in so far as these recitals go beyond the averments of the declaration and the return of the sheriff on that subject; and Watkins Machine & Foundry Co. v. Cincinnati Rubber Mfg. Co., 96 Miss. 610, 52 So. 629, is cited.

In this contention, and as to the effect of the cited case, appellant is in error. It is the first, and one of the most important, of all the duties of courts to see to it, before proceeding in any case, that the court has jurisdiction both of the subject-matter and of the parties. The performance of this duty requires the court, when a default judgment is requested, to examine the process and the returns thereon, and to be assured that the process and the manner of the service has been such as to give the defendant the notice required by law; and if the return of service, together with the other parts of the record then on file, leave any question of doubt or be not sufficiently explicit, it is not only proper but it is

the duty of the court to hear, and to require to be produced, any and all such evidence, as will furnish the assurance aforesaid, and until so assured the court ought not to proceed. What was done by the court here in the respect mentioned and as shown by the recitals of the quoted judgment was thus in pursuance of the court's duty, and is precisely in keeping with the proper practice, as recognized by us in the recent case. Universal Life Ins. Co. v. Catchings (Miss.), 152 So. 817.

Appellant next contends that the concluding sentence of section 5246, Code 1930, expressly excludes the service of process upon appellant association except upon an attorney appointed by it under that section, and that since it has not appointed any such attorney for process in this state, it cannot be sued in this state. In Varnado v. Whitney, 166 Miss. 663, 147 So. 479, we held that appellant association is suable in this state, by force of our statutes applicable to such an association; and the rule, supported by an ample general course of authority, is that when an unincorporated association, suable as such under the statute, is engaged in business in the state wherein suit is brought and there is an absence, or failure, of any specific statutory method for the service of process on the association, the courts will treat such an association as a quasi corporation for the purposes of process, and will accept service of process upon any agent or representative of the association whose character in relation to the association is such that it could be reasonably expected that he would give notice of the suit to his association. Some of the cases on the subject are: Unkovich v. New York Cent. Railroad Co. et al., 114 N. J. Eq. 448, 168 A. 867; Sprainis v. Lietuwishika Evangelishka Liuterishka Draugystes, 232 Ill. App. 427; Fitzpatrick v. Rutter, 160 Ill. 282, 43 N. E. 392; Adams Exp. Co. v. Schofield, 111 Ky. 832, 64 S. W. 903; Hamilton v. Delaware Motor Trades, 4 W. W. Harr. (34 Del.) 486, 155 A. 595; Grand Lodge K. P. v. Massey, 35 Ga. App. 140, 132 S. E. 270; Slaughter v. American Baptist Publication So-

ciety (Tex. Civ. App.), 150 S. W. 224; Heralds of Liberty v. Bowen, 8 Ga. App. 325, 68 S. E. 1008; Adams Exp. Co. v. State, 55 Ohio St. 69, 44 N. E. 506.

The record shows that the head office of the appellant association is located at No. 820 Superior avenue, N. W., Cleveland, Ohio; and we hold that, since the association has not complied with the statute and appointed an attorney for service, it can be served in the same manner as is provided by section 4167, Code 1930, for service upon a foreign corporation doing business in this state, and that since the exhibits to the declaration show that J. E. Pierce was the person with and through whom the head office of the association dealt in respect to the very matter which forms the subject of this suit, he was a proper agent upon whom service of summons could be had. See Brotherhood of Railroad Trainmen v. Walker, 165 Miss. 698, 147 So. 655.

Appellant contends finally that it is essential under the statute last mentioned that a copy of the process shall be mailed by the clerk to the home office of the defendant by registered letter, Eminent Household v. Lundy, 110 Miss. 881, 71 So. 16, and that the record fails to show that this was done. That is true, but at the same time the record does not show that this was not done, the record is absolutely silent upon this feature. It seems that appellant has raised this question for the first time in this court. Its motion to vacate the judgment does not mention this particular feature as one of the asserted grounds upon which the court is requested to act in setting aside the judgment; appellant neither shows nor attempts to show that the copy was not mailed by the clerk as required by law. The presumption of law is that public officers have performed their duties. And, as said by us in the recent case, Walton v. Gregory, 154 So. 717, in respect to the judgments of courts of general jurisdiction, "unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, whether there be recitals in the record to show them or

not, and this rule applies, although the judgment attacked was rendered by default, on constructive service of process alleged to be defective.'' The presumption mentioned is conclusive on a collateral attack; and on a direct attack, as is the case here, the presumption still stands unless the defendant affirmatively show that the defect complained of existed as a matter of fact. The defendant, appellant here, has not so shown, and, as already mentioned, has not even attempted to affirmatively so show.

Affirmed.