### DEAN v. INTERNATIONAL LONGSHORE-MEN'S ASS'N et al.

### No. 2644.

District Court, W. D. Louisiana, Lake Charles Division.

Sept. 16, 1936.

Stanley W. Ray and Leon Sarpy, both of New Orleans, La., and Plauche & Stockwell, of Lake Charles, La., for plaintiff.

Bentley G. Byrnes, of New Orleans, La., W. R. Mayo and T. A. Edwards, both of Lake Charles, La., and D. C. Bland, of Orange, Tex., for defendants.

DAWKINS, District Judge.

This is a suit at law against the International Longshoremen's Association (hereinafter referred to as International), Locals Nos. 1214 and 1180, of said association, and certain individual officers and members of said locals, for damages alleged to have been caused by defendants' violation of the Clayton Anti-Trust Act (38 Stat. 730), in that they all combined and conspired to interfere with and did interfere and prevent the operation of plaintiff's barge line in interstate commerce.

Defendant, International, excepted to the jurisdiction of this court rationæ personæ, and to the citation. All of the other

defendants pleaded the exception of no cause or right of action, and on the day of the trial of said exceptions and pleas also filed a plea in abatement, based upon the contention that the injunction proceeding by plaintiff against all of these defendants, which had been decided by this court adverse to them, was at that time still pending and undecided in the Court of Appeals for this circuit. However, since the submission of these pleas and exceptions, that case has been finally affirmed and disposed of by the Court of Appeals (Mayo v. Dean, 82 F.(2d) 554).

### Plea to the Jurisdiction and Citation by International.

The citation to this defendant was addressed as follows: "To International Longshoremen's Association, a labor organization acting and operating through locals or affiliated organizations in all ports of the United States and Canada, and acting and operating in the Port of Lake Charles, Louisiana, and within the Western District of Louisiana, through its proper officer for service of legal process."

It was served, according to the marshal's return, "through Walter R. Mayo in person, proper officer for service."

The petition in this case alleges: "1. That International Longshoremen's Association is a labor organization composed of persons engaged in longshore work and that said Association acts and operates through locals or affiliated organizations in all of the ports of the United States and Canada, and that said Association acts and operates in the port of Lake Charles, State of Louisiana, within the Lake Charles division of the United States District Court for the Western District of Louisiana."

It prayed for service upon "International Longshoremen's Association," without naming any one as agent for such service or any place as its domicile. On the trial of the plea to the jurisdiction and exception to the citation, the only witness sworn was Walter R. Mayo, president of the White Local No. 1214, who testified that he was not an official or representative of the International for any purpose. The constitution and rules of order of the International were introduced in evidence, and it was shown that Joseph P. Ryan of New York City is its president. The constitution declares that all executive powers, when the association is not in convention, shall be vested in an executive council, consisting of the president and fourteen vice-presidents, and a secretary-treasurer, elected at quadrennial conventions. The vice-presidents are selected, six from the Atlantic Coast and Canadian Provinces, four from the South Atlantic and Gulf Coast district, and two from the Great Lakes district. The South Atlantic and Gulf Coast district, in which the controversy out of which this suit arose, is described as embracing "every port south of Cape Hatteras, along the Atlantic, Gulf and Carribean Sea."

Locals are created by charters granted from the International, and initiation fees, dues, penalties and assessments are collected, portions of which are allocated to the locals and the balance paid into the International treasury. Locals are permitted to enter into agreements, provided they do not conflict "with the Constitution of the I. L. A." If "conditions necessitate," an executive officer or representative "meets with the conference committee" of the local to see that nothing is inserted in agreements "that will work a hardship on sister locals." Section 6 of article XIV provides: "Section 6. This International Association maintains that all locals shall have full power to regulate their own wages, whether by the hour, by the thousand, by the ton, or otherwise. If there is more than one local of the same craft in the same port and vicinity, then such local or locals, shall co-operate and establish a uniform wage scale and working conditions. Said locals shall at all times and in all disputes secure the endorsement of the International Officers and International Executive Council. It is further understood that all settlements of disputes must be endorsed by the members of locals directly interested, before going into effect."

Section 3 of article XVII provides: "Section 3. No local shall go out on strike without first getting the consent of the Executive Council, through International headquarters."

Plaintiff contends that, because of the provisions of articles XIV and XVII, quoted immediately preceding, no strike can take place or dispute arise without the approval of the International officers, this, in effect, makes the same acts of the International; and the court should take cognizance of the conditions existing along the Gulf Coast from Galves-

ton, Tex., to Pensacola, Fla., as well as the Pacific Coast, during the time this controversy arose.

With this assumption, he seeks to draw the conclusion that in some way this made Mayo, president of the White Local, an agent for the service of process against the International. It is also contended that because in the injunction suit by plaintiff, above referred to, the International appeared through Mayo, this is evidence of his authority to represent it as the person for service of process in this case.

■ As was pointed out by the Supreme Court in United Mine Workers v. Coronada Coal Co., 259 U.S. 344, 345, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762, these international labor unions are entities, separate and distinct from the members who compose them and from the local organizations. It is true that case did not involve a question of citation or jurisdiction, but, if it be true, as must be conceded, that they have rights as juridical personages distinct from the members or locals who compose them, then it necessarily follows that they cannot be brought into court by service merely upon a member, but must be cited through some one having authority either expressed or necessarily implied from his relation to the association or the duties which he discharges. Mayo has not been shown to possess any such authority, but, on the contrary, his testimony and the provision of the Constitution with respect to officers and governing authority of the International appear to me to establish that he has none. See Christian v. International Association of Machinists (D.C.) 7 F.(2d) 481; Singleton et al. v. Order of Railway Conductors of America et al. (D.C.) 9 F.Supp. 417. I am of the opinion, therefore, that the exception to the citation should be sustained. I cannot see that the voluntary appearance of the International, even if authorized in the other case, could have the effect of making Mayo the proper person for service in this instance.

Exception of No Cause or Right of Action.

■ The petition charges that the other defendants, by force and violence, prevented the plaintiff from operating his barge line in interstate commerce for more than six months, causing large losses and the incurring of great expense; that these acts likewise operated as an immediate and direct restraint and interference with the carrying by him in interstate commerce of the merchandise and cargoes which he had on board and was preparing to load and transport, not only at the time of the alleged acts of violence, but during the entire period, and all in open violation of the anti-trust laws of the United States. I do not deem it necessary to refer to these allegations in detail, but sufficient to say that I think the petition amply discloses a cause and right of action against the other defendants. The exception should therefore be overruled.

Proper decree should be presented.