190 So. 573

## McFARLAND v. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN et al.

### No. 35247.

June 26, 1939.

Philip H. Mecom, of Shreveport, for appellant.

Lee & Lee, of Shreveport, and Horn, Weisell, McLaughlin & Lybarger and Harold C. Heiss, all of Cleveland, Ohio, for appellees.

PONDER, Justice.

This is an appeal from a judgment sustaining an exception to the service of the citation in this cause and dismissing plaintiff's suit.

The plaintiff instituted this suit against the defendants seeking to correct the seniority roster so as to show his seniority rights as a fireman to be fixed as of date

May 3, 1905, and his seniority rights as a locomotive engineman to be fixed as of date May 3, 1908. Service of the citation addressed to the Brotherhood of Locomotive Firemen and Enginemen was made upon T. J. Harris, President of Royal Lodge No. 522, Shreveport, La., and service of the citation addressed to the Grand International Brotherhood of Locomotive Engineers was made upon D. G. Davidson, Division 599, Shreveport, La. The defendants interposed an exception to the suit on the grounds, first, that the court was without jurisdiction ratione personae; second, that service of citation was not properly made; and third, that there was non-joinder of parties defendant. Upon trial, the court overruled the exception to the jurisdiction of the court ratione personae, sustained the exception to the citation and dismissed the plaintiff's suit. The plaintiff appealed. The defendants answered the appeal and asked that the judgment of the District Court be amended by sustaining the exception to the jurisdiction of the court ratione personae. The case has been submitted for our determination.

Counsel for the plaintiff contends that the service of the citation on the respective heads of the local lodge and the local division is authorized under the provisions of Section 1933 of Dart's General Statutes, Act No. 179 of 1918, § 1(2). The pertinent part of Section 1933 of Dart's General Statutes reads:

"1933. Citations and all other legal process, whether issued by the clerk, the sheriff or the constable, shall be served by the sheriffs and constables throughout the state, as follows:

\* \* \* \* \* \*

Service On Personal Representative

"(2) If addressed to an individual in a representative capacity, whether as executor, administrator, tutor, curator, liquidator, receiver, agent or other representative capacity, same may be served personally; and in all such cases the citation or other legal process or notices or other papers issued by sheriffs or constables, shall be addressed to the party represented, through the representative, stating his capacity \* \* \*."

It is admitted that the defendants have not appointed an agent in Louisiana upon whom service of legal process may be made. It is also admitted that the defendants are voluntary associations and labor organizations with their headquarters and principal offices in Cleveland, Ohio.

In support of his contention, counsel for plaintiff cites Section 39, 7 C.J.Secundum, Associations, page 104, which reads:

"Where a foreign association is doing business within the state of the forum, service of process on its agent has been sufficient, and, where a foreign unincorporated association doing business within the state of the forum has failed to comply with local statutory requirements as to the appointment of an agent to receive service of process, the courts will treat it as a quasi-corporation for the purpose of process, and will accept as sufficient, service of process on an agent or representative of the association whose character in

relation thereto is such that he could reasonably be expected to give notice of the suit to his association."

The counsel also cites the cases of Brotherhood of Railroad Trainmen v. Agnew, 170 Miss. 604, 155 So. 205; Unkovich v. New York Central Railroad Co., 114 N.J.Eq. 448, 168 A. 867; Fitzpatrick v. Rutter, 160 Ill. 282, 43 N.E. 392; Guilfoil v. Arthur, 158 Ill. 600, 41 N.E. 1009; Grand Lodge K.P., etc., v. Massey, 35 Ga. App. 140, 132 S.E. 270; Slaughter v. American Baptist Publication Society, Tex.Civ.App., 150 S.W. 224; Varnado v. Whitney, 166 Miss. 663, 147 So. 479.

The case of Brotherhood Railroad Trainmen v. Agnew, supra, is to the effect that service on the agent of the defendant is sufficient. The plaintiff therein brought suit on a pension certificate upon which payment had been refused. Service of citation was made on J. E. Pierce. It appears that J. E. Pierce was the secretary of a local or subordinate lodge but service was not made upon him as such. The service was made upon Pierce as agent of the Grand Lodge. The Grand Lodge was engaged in the insurance business by issuing policies to its members in the State of Mississippi without appointing the Superintendent of Insurance as its true and lawful attorney upon whom process may be served as provided by the laws of that State. It appeared that Pierce had been collecting the dues for the Grand Lodge and acting as its agent in such matters.

As we take it, the defendant, a foreign association, was transacting insurance business within the State without appointing the agent required by law. The court merely held that service on the person who was transacting the business for the Grand Lodge in the State was sufficient service because such person was the agent of the Grand Lodge. In the instant case, the persons upon whom the services were made have never acted in the capacity of agents for the defendants and have never transacted any business for them with reference to the subject matter involved in this suit.

In the case of Varnado v. Whitney, supra, it was merely held to the effect that the Brotherhood of Railroad Trainmen is suable, but the court stated therein that it would express no opinion on the question of whether the service on the secretary of the local lodge was service on a proper person on whom to serve process for the Brotherhood of Railroad Trainmen.

In the case of Unkovich v. New York Central Railroad Co., supra, the court held that service upon a business agent was sufficient.

In the case of Fitzpatrick v. Rutter, supra, the service was made on officers of the organization itself who were acting for the other members as well as for themselves.

In Guilfoil v. Arthur, supra, the service was made upon the association itself through its secretary.

In Slaughter v. American Baptist Publication Society, supra, the service was made

on the duly authorized agent to supervise and direct the affairs of the association.

In the case of Grand Lodge K.P., etc., v. Massey, supra, it was held to the effect that where a local lodge was acting as an agent for the Grand Lodge that service on the local lodge through one of its officers was sufficient.

The cited cases are not applicable to the instant case because in each case the service was made upon an agent or an officer of the principal or parent organization.

In the instant' case, the evidence, both documentary and parol, is to the effect that as regards the subject matter involved herein the local lodge and the local' division have absolutely no jurisdiction over such, either as principals or agents. From the evidence herein the subject matter involved is under the sole jurisdiction of a general grievance committee. The evidence shows the local lodge and local division have no authority to act in any capacity, with regards to the subject matter involved in this·suit, for the defendants. Moreover, the evidence and the copies of the constitutions filed herein show the Local Lodge and the Local Division to be separate and distinct entities without authority to act for the defendants.

Section 13, p. 268, of the Constitution of the Brotherhood of Locomotive Firemen and Enginemen, reads:

"Laws cannot be Waived—Officers Not Agents of Grand Lodge

"Sec. 13. A subordinate lodge nor any of the officers or members of such subor-

dinate lodge shall have the power or authority to waive any of the provisions of the constitution or laws of the Brotherhood. The officers of the subordinate lodges are hereby made and declared to be the agents of such subordinate lodges. and not the agent of the Brotherhood, and no act or omission of such subordinate lodge or any of its officers or members shall have the effect of creating a liability against the Brotherhood or of waiving any right, privilege or immunity belonging to it; provided, however, that upon presentation of evidence which clearly indicates that an error has been committed by a subordinate lodge officer, after specific action upon the question has been taken by the lodge, such error may be corrected upon instruction of the proper officer of the Grand Lodge who has supervision over the department under which the error was committed."

In the case of Singleton v. Order of Railway Conductors, D. C., 9 F.Supp. 417, 418, the court stated:

"The question of the suability of the defendants as voluntary, unincorporated associations is not raised at this time, the sole question being whether the defendants are before the court by proper service of process. The summons was served upon D. R. McAvoy, who was the local secretary and treasurer of Peoria Division No. 79, and the motion to quash raises the question as to whether or not service upon McAvoy, as local secretary and treasurer of the local division, is sufficient to bring the defendants before the court.

"From the constitution and statutes of the labor union, which were effective on August 1, 1934, and in effect at the time of the service of the summons upon Mc-Avoy, it appears the local lodges or divisions are, in fact, separate units or entities, having their own form of government, electing their own officers, selecting their own representatives to bargain and deal with the railroads upon the lines of railroad to which the members of the local divisions belong; that the individuals are members of both the local division and the international order. It further appears that the individual members pay dues to the international order, which correlates the activities of all the local units or divisions and in times of strike aids the local divisions on a particular line of railroad where the strike is called, in the furnishing of officers experienced in this work, and also aids financially the individual members on strike. The local lodges or divisions elect delegates to the triennial convention, which is called the Grand Division, and the Grand Division of the international order, as assembled, has power to amend the constitution, enact statutes, and adopt programs for the benefit of railroad conductors generally.

\*     \*     \*     \*     \*     \*

"The local secretary and treasurer is also charged with the keeping of the funds of the division, is required to give bond for the faithful accounting of all funds, and is authorized to deposit the funds only where designated by the trustees of the local divisions. The statutes further provide for the payment of the dues to the international order through the local division secretary, and it is claimed that in this respect he is an agent of the international order. The court is of the opinion, however, that in this respect the secretary and treasurer of the local division acts as much for the members of the local division as for the international order. Under no circumstances, however, can anything be found in the duties or powers of the local secretary and treasurer, as set out in the statutes of the order, which would make him a representative of the supreme body for service of process.

\*     \*     \*     \*     \*     \*

"The motion to quash will be allowed."

In the case of Christian v. International Association of Machinists, D.C., 7 F.2d 481, the court stated:

"According to the return of the marshal on the summons, service was had on each of the defendants, except the Railway Employees Department and the System Federation No. 41, by delivering a copy thereof to a certain individual described as 'its local chairman and a member'; on the Railway Employees' Department on a certain individual described as 'its agent'; and on the System Federation No. 41 or the individual last referred to, described as its president. By the words 'its local chairman' was meant chairman of a local union in Kenton county, in the district. It is claimed on behalf of defendants that these individuals, described as members, were really not members of the International Union. They were members only

of the local union; the membership of the International Union being made up of its local unions. But I will dispose of the motions on the basis that the members of the local unions are also in fact members of the International Union.

"It seems to me clear that the motions of these six defendants will have to be sustained. An individual member of an international union, assuming that individuals are members thereof, is not a representative of such union. He is no more its representative than a stockholder in a corporation is a representative thereof. As a corporation cannot be brought before the court by service of process on one of its stockholders, so a labor union, international or local, cannot be brought before the court by service of process on one of its individual members. An individual member of a union, international or local, cannot be subjected to a personal judgment by service of process on another such individual. A statute providing that he could would be unconstitutional. Flexner v. Farson, 248 U.S. 289, 39 S.Ct. 97, 63 L.Ed. 250. It would seem to be equally true that the suable entity, consisting of himself and the other members of the union, cannot be subjected thereto upon such service of process.

"So, also, it must be held that the chairman or any other officers of a local union is not a member of the International Union for service of process. There is no more reason for holding that he is than that a mere member of such union is.

As to some of the defendants the individual on whom process was served sustained no official relation to a local union. It would have made no difference if he did.

\*       \*       \*       \*       \*       \*

"I have considered carefully the constitution and by-laws of the different International Unions made defendants herein, which have been introduced in evidence, and I find nothing in them that justifies the position that any individual member of any of these unions, if there be such, or of a local union, or an officer or agent of a local union, represents the International Union to the extent that service of process on him will bring it before the court. It is not to be blinked at that these unions, international and local, artificial units and entities, and suable as such, cannot be brought before the court, save by service of process on a direct representative, whose relation thereto is such that it is reasonable to infer that the service of such process on him will be brought home to the union which he represents. They are entities, distinct and separate from their membership and subordinates, as much so as a corporation is an entity distinct from its stockholders or subordinate organizations.

"Of course, it is possible, where an association consists of supreme and interior bodies, for the interior body or an officer or member of it to be an agent for the supreme body in a certain particular, if the constitution so provides, or the supreme body may in some contingency make

it or him its agent in a particular transaction, in which case the supreme body will be affected by its or his action within the scope of the agency. Authorities to this effect are cited and relied on by plaintiff, to wit: Evenson v. Spaulding [9 Cir.], 150 F. 517, 82 C.C.A. 263, 9 L.R.A.,N.S., 904; Thompson v. Supreme Tent, 189 N. Y. 294, 82 N.E. 141, 13 L.R.A.,N.S., 314, 121 Am.St.Rep. 879, 12 Ann.Cas. 552; Supreme Lodge K. of P. v. Withers, 177 U. S. 260, 20 S.Ct. 611, 44 L.Ed. 762; Mitchell v. Leech, 69 S.C. 413, 48 S.E. 290, 66 L. R.A. 723, 104 Am.St.Rep. 811; 7 Corp. Juris, p. 1111. But it does not follow from this that it or he is a representative of the supreme body for service of process."

In the case of Dean v. International Longshoremen's Association, 17 F.Supp. 748, a case before Judge Dawkins in the U. S. District Court for the Western District of Louisiana, it is stated:

"This is a suit at law against the International Longshoremen's Association (hereinafter referred to as International), Locals Nos. 1214 and 1180, of said association, and certain individual officers and members of said locals, for damages alleged to have been caused by defendants' violation of the Clayton Anti-Trust Act (38 Stat. 730), in that they all combined and conspired to interfere with and did interfere and prevent the operation of plaintiff's barge line in interstate commerce.

"Defendant, International, excepted to the jurisdiction of this court rationæ personae, and to the citation. * * * The citation to this defendant was addressed as follows: 'To International Longshoremen's Association, a labor organization acting and operating through locals or affiliated organizations in all ports of the United States and Canada, and acting and operating in the Port of Lake Charles, Louisiana, and within the Western District of Louisiana, through its proper officer for service of legal process.'

"It was served, according to the marshal's return, 'through Walter R. Mayo in person, proper officer for service.'

"The petition in this case alleges: '1. That International Longshoremen's Association is a labor organization composed of persons engaged in longshore work and that said Association acts and operates through locals or affiliated organizations in all of the ports of the United States and Canada, and that said Association acts and operates in the port of Lake Charles, State of Louisiana, within the Lake Charles Division of the United States District Court for the Western District of Louisiana.'

"It prayed for service upon 'International Longshoremen's Association,' without naming any one as agent for such service or any place as its domicile. On the trial of the plea to the jurisdiction and exception to the citation, the only witness sworn was Walter R. Mayo, president of the White Local No. 1214, who testified that he was not an official or representative of the International for any purpose. * * *

"Locals are created by charters granted from the International, and initiation fees,

dues, penalties and assessments are collected, portions of which are allocated to the locals and the balance paid into the International treasury. Locals are permitted to enter into agreements, provided they do not conflict 'with the Constitution of the I. L. A.' If 'conditions necessitate,' an executive officer or representative 'meets with the conference committee' of the local to see that nothing is inserted in agreements 'that will work a hardship on sister locals.' * * *

"As was pointed out by the Supreme Court in United Mine Workers v. Coronada Coal Co., 259 U.S. 344, 345, 42 S. Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762, these international labor unions are entities, separate and distinct from the members who compose them and from the local organizations. It is true that case did not involve a question of citation or jurisdiction, but, if it be true, as must be conceded, that they have rights as juridical personages distinct from the members or locals who compose them, then it necessarily follows that they cannot be brought into court by service merely upon a member, but must be cited through some one having authority either expressed or necessarily implied from his relation to the association or the duties which he discharges. Mayo has not been shown to possess any such authority, but, on the contrary, his testimony and the provision of the Constitution with respect to officers and governing authority of the International appear to me to establish that he has none. See Christian v. International Association of Machinists, D.C., 7 F.2d 481; Singleton

et al. v. Order of Railway Conductors of America et al., D.C., 9 F.Supp. 417. I am of the opinion, therefore, that the exception to the citation should be sustained."

Having arrived at the conclusion that the defendants were not properly cited, it is unnecessary for us to pass on the jurisdiction of the court ratione personae.

For the reasons assigned the judgment is affirmed at appellant's cost.

FOURNET, J., absent.